## SPRING v. RANDALL.

1. TRUSTS—RIGHTS OF CREDITORS OF BENEFICIARY—SURPLUS IN-
   COME.

   2 How. Stat. § 6614, exempting trust funds from the opera-
   tion of creditors' bills in cases where the trust has been created
   by or the trust fund has proceeded from some person other
   than the defendant, should be construed in connection with 2
   How. Stat. § 5575, providing that, when a trust is created to
   receive the rents and profits of lands, and no valid direction
   for accumulation is given, the surplus of such rents and
   profits, beyond the sum necessary for the support of the *cestui
   que trust*, shall be liable in equity to the claims of his credit-
   ors, in the same manner as other personal property which
   cannot be reached by execution; and under said statutes, so
   construed, the income of a trust fund, payable to a designated
   beneficiary, is exempt from the payment of his debts only so
   far as the same is necessary for his suitable support.

2. SAME—REMEDY.

   In such case, the court having jurisdiction of the trust estate
   may direct the trustee to pay a judgment against the *cestui
   que trust* out of the surplus income of the fund.

3. SAME—PETITION.

   The facts entitling the creditor to the relief stated may be
   as well presented to the court by petition as by original bill.

Appeal from Kent; Padgham, J., presiding. Submit-
ted October 23, 1895. Decided November 19, 1895.

Petition by Henry Spring against Lewis E. Randall and
Marie Van Zandt Randall to subject the income of a trust
estate to the payment of a judgment against the benefi-
ciary. From an order overruling a demurrer to the peti-
tion, respondent Marie Van Zandt Randall appeals.
Affirmed.

*Smiley, Smith & Stevens,* for petitioner.

*Frank L. Carpenter,* for appellant.

LONG, J. This is an appeal from an order overruling a demurrer to a petition filed in the Kent circuit court in chancery. It is shown by the petition that in 1880 the will of Rosalie M. Smith, deceased, was admitted to probate. By its terms, the greater part of the large estate passed to Nelson W. Northrup, as trustee, who was to invest, manage, and control the same, and out of the proceeds and income to pay the testatrix's niece, Marie Van Zandt, an annuity of $500 during her life, and also all the income of the estate after complying with certain minor directions in the will. The income was to be paid quarterly. On the death of Marie Van Zandt, the entire estate was to go to her lawful heirs, or to whomsoever she might appoint by will. Mr. Northrup acted as trustee from 1880 to December, 1892, when the court made an order accepting his resignation, which was made in consequence of dissatisfaction between him and Miss Van Zandt, and appointed Lewis E. Randall as his successor, and determined that the amount of money due from Mr. Northrup to his successor was $21,820, and specified also the real estate to be conveyed to his successor. Lewis E. Randall accepted the appointment, and filed a bond with the register. The moneys were paid over, and the estate conveyed to him, and he has continued to act as trustee since that time.

The petitioner, Henry Spring, is a dry-goods merchant in Grand Rapids. In July, 1888, he began furnishing Marie Van Zandt with wearing apparel and other necessaries, on credit, and continued so to do until November, 1892; and the petition states:

"All said wearing apparel and other necessaries were furnished the said Marie J. Van Zandt at a time when she represented herself to be unable to pay cash therefor by reason of the litigation then pending between herself and the said Nelson W. Northrup concerning the financial affairs of said estate, and that the said Marie J. Van Zandt promised and agreed with your petitioner from time to time to pay for said wearing apparel and other

necessaries out of the income of said estate as soon as she should receive the same and be able so to do."

At divers times after the appointment of the new trustee, Mr. Spring applied to Miss Van Zandt for payment of the goods she had obtained from him, but she never paid. In February, 1894, he placed the claim in judgment, and had an execution issued, and the sheriff made diligent efforts to collect, soliciting payment personally from the debtor, but no payment was made, and the sheriff subsequently made return that he was unable to find any property.

After the appointment of Lewis E. Randall as trustee, he and Marie Van Zandt were married; and it is alleged that they are combining and confederating to prevent the collection of Mr. Spring's judgment; that the trustee holds $21,000 in money and $10,000 in real estate, the income of which all belongs to his wife, the debtor, Marie Van Zandt Randall, and the income of which is sufficient to enable her to pay the debt; but that she is making no effort to do so, and is purposely withholding the amount; and that her husband, the trustee, is assisting her in so doing. It is alleged that there is no remedy at law by which the payment can be enforced, and that petitioner is entitled to payment out of the income of the estate. The prayer of the petition is: *(a)* That the trustee and the beneficiary be cited to appear, etc.; *(b)* that the trustee be directed to pay the judgment " at such time or times and in such manner as by this court shall be directed;" *(c)* that the amount so paid by the trustee be charged against the beneficiary in the account of the trustee; and *(d)* for general relief.

It is contended by the appellant that there is no equity in this petition, in that, by the terms of the will, the testatrix intended to create a fund beyond the control of the beneficiary, the income only of which should be used for her personal maintenance and support during life, and not be taken in payment of debts contracted by her or

through charges against her; that the property is bequeathed directly to the trustee, giving him title and possession; and that such trustee is directed to invest, manage, and control it, and pay the income to the beneficiary during life, but he is not authorized to pay it to her creditors or assigns. It is also contended that the remedy, if any, could be enforced only by original bill.

Section 5575, 2 How. Stat., provides:

"When a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person, in the same manner as other personal property which cannot be reached by an execution at law."

By the terms of the will by which the trust in this case was created, there is a direction that the surplus shall be paid to the beneficiary. The statute above quoted was taken *verbatim* from the New York statute; and in *Williams* v. *Thorn*, 70 N. Y. 270, and in *Tolles* v. *Wood*, 99 N. Y. 616, the points raised by the appellant here were fully decided, and it was held that, where a judgment debtor is the beneficiary of a trust by which the trustee is required to receive and pay over to him the income of the trust estate, an action may be maintained by a judgment creditor, after the return of an execution unsatisfied, to reach the surplus income beyond what is necessary for the suitable support and maintenance of the beneficiary; that the right of the creditor to maintain such an action exists as well where the trust estate is personal as where it is real property; that the remedy of the creditor is not confined to the surplus which has accrued and accumulated in the hands of the trustee, but that the court may determine what may be a reasonable allowance for the beneficiary, and direct the application of any future surplus to the payment of the judgment until it is fully paid; that the statute exempting from the operation of cred-

itors' bills trust funds when the trust has been created by or the trust fund has proceeded from some person other than the defendant is not in conflict with the statute providing that the surplus income of the trust estate shall be liable in equity to the claims of creditors; that the two statutes, which are similar to our own sections 6614 and 5575, are to be construed together, and are intended to exempt the principal fund and the beneficial interest of the beneficiary in the income only to the extent of a fair support out of the trust estate. . In *Tolles* v. *Wood*, the court held, further, that the creditor of such a beneficiary acquires a lien upon the accrued and unexpended surplus income arising from such fund, superior to the claims of general creditors or assignees of the beneficiary, by the commencement of an action in equity to reach and appropriate it to the satisfaction of his judgment.

In *Nichols* v. *Levy*, 5 Wall. 441, Mr. Justice Swayne, delivering the opinion of the court, said:

" It is a settled rule of law that the beneficial interest of the *cestui que trust*, whatever it may be, is liable for the payment of his debts. It cannot be so fenced about by inhibitions and restrictions as to secure to it the inconsistent characteristics of right and enjoyment to the beneficiary and immunity from his creditors. A condition precedent that the provision shall not vest until his debts are paid, and a condition subsequent that it shall be divested and forfeited by his insolvency, with a limitation over to another person, are valid, and the law will give them full effect. Beyond this, protection from the claims of creditors is not allowed to go."

The rule laid down in Perry, Trusts, § 815*a*, and in Pom. Eq. Jur. § 989, states that the *cestui que trust* cannot hold and enjoy his interest entirely free from the claims of creditors, and that, in the absence of special circumstances, the creditor can attach the beneficiary's interest in the hands of the trustee.

This application is made simply to reach the surplus income of this trust fund, and we think it sets up equit-

able grounds for the relief sought. No personal decree is asked against either party, nor is a lien sought to be established upon any property. The relief asked is a direction to the trustee to pay the claim out of the surplus fund, and that is entirely within the province of the court having jurisdiction of the trust estate.

We think it is proper to present the case by petition rather than by original bill. In *Southern Mich. Nat'l Bank v. Byles*, 67 Mich. 306, in disposing of a similar question, it was said:

"There is really no reason why the alleged grievance may not as well be heard upon the petition as upon a bill. The facts upon which the relief is based and asked and information desired can as well be stated and presented in the petition as in a bill, and the rights of all the parties can as well be protected in the one as in the other."

We think the court below properly overruled the demurrer, and the proceeding will be remanded to the court below, for further action there.

The other Justices concurred.