In the Matter of MAX KAPLAN, Doing Business under the Name of KAPLAN'S VALET SERVICE, Respondent, against HERMINE C. PEYSER, Appellant, Impleaded with Another.

Argued January 6, 1937; decided March 9, 1937.

*Chauncey E. Treadwell* and *Guy Hughes Riegel* for appellant. An order directing a recipient of a trust income to pay from that income in proceedings supplementary to execution is a forbidden interference with the trust estate. The sole remedy is an equitable action. (*Pollock* v. *Farmers Loan & Trust Co.,* 157 U. S. 429; *Senior* v. *Braden,* 295 U. S. 422; *People ex rel. Cohn* v. *Graves,* 271 N. Y. 353; *Locke* v. *Malbett,* 3 Abb. Ct. App.

Dec. 68; *Graff* v. *Bonnett*, 31 N. Y. 9; *Stewart* v. *Foster*, 1 Hilt. 505; *Williams* v. *Thorn*, 70 N. Y. 270; *Sargent* v. *Bennett*, 3 How. Pr. [N. S.] 515; *Levey* v. *Bull*, 47 Hun, 350; *Matter of Seymour,* 76 App. Div. 300; *Gerton Carriage Co.* v. *Richardson,* 6 Misc. Rep. 466; *First Nat. Bank* v. *Miller*, 24 App. Div. 551.) When the Legislature re-enacted section 792 of the Civil Practice Act they linked with it its construction by the courts, and that construction is, therefore, now authoritatively settled that interference with the income does come within the restriction, and, therefore, section 793 has no application where the sole income of a judgment debtor is the income from a trust fund. (*Matter of Trosk* v. *Cohen*, 262 N. Y. 430; *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.)

*David Rubin* for respondent. Section 793 of the Civil Practice Act gives to the court the right to order a judgment debtor to pay in installments such portion of his or her income as the court may deem reasonable irrespective of whether or not that income is derived from trust funds or from any other source. (*Brearley School* v. *Ward*, 201 N. Y. 358.) Section 792 of the Civil Practice Act does not affect income already accrued and, therefore, income already in the hands of the beneficiary is subject to the provisions of section 793. (*Matter of Goldman*, 142 Misc. Rep. 790; *Matter of Lynch*, 151 Misc. Rep. 549; *Matter of Glover*, 246 App. Div. 781; *Matter of Kernan*, 158 Misc. Rep. 13; *Dibner* v. *Cousminer,* 157 Misc. Rep. 229.)

LOUGHRAN, J. The parties are judgment creditor and debtor. In proceedings supplementary to an execution, the creditor applied to the City Court of Mount Vernon for an order in accordance with the following provision of section 793 of the Civil Practice Act: " Notwithstanding the provisions of sections six hundred and eighty-four and six hundred and eighty-five of this act, the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his income, however or whenever earned or acquired,

after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the judgment debtor to other creditors under the aforesaid sections six hundred and eighty-four and six hundred and eighty-five or prior order of a court hereunder." The sole income of this debtor is derived from trusts set up by her parents for her benefit. An order directing her to pay the creditor's judgment in monthly installments has been affirmed by the Appellate Division. On this appeal by the debtor the question is whether that order was authorized by the foregoing text of section 793.

That section was added to the Civil Practice Act by chapter 630 of the Laws of 1935. It has no counterpart in prior legislation. Sections 684 and 685 therein referred to originated respectively in chapter 461 of the Laws of 1903 and chapter 347 of the Laws of 1914. A judgment creditor may thereunder by levy reach ten per cent of twelve dollars or more per week of income to the debtor from trust funds, but only one execution therefor shall be satisfied at one time and where several are issued against the same debtor they shall be satisfied in the order of priority. Reading those three sections together, the courts below concluded that the additional remedy prescribed by section 793 may be used to compel satisfaction of a judgment debt out of income payable to the debtor from a trust fund established by a third party. The ruling was a precise one. Such trust income was taken to be within the content of the phrase in section 793 — " income, however or whenever earned or acquired." Indeed, the result must have turned on the signification of that one word " *acquired*," for it would appear to be plain that nothing is " earned " by a beneficiary when he receives the proceeds of a trust investment.

We suppose, without so deciding, that these words of section 793, taken apart from restrictions to be found elsewhere, can thus be made applicable to such a derivative acquisition as that gained through a trust not created by the beneficiary. But that section may not stand alone.

"It is to be read and applied in connection with every other section of the act. All must have their due and conjoint effect. Each must be so far qualified and limited by each other as that all may have operation in harmony, if so it may be." (*Ansonia Brass & Copper Co. v. New Lamp-chimney Co.*, 53 N. Y. 123, 125. So, *Matter of Social I. E. Assn.* v. *Taylor*, 268 N. Y. 233, 237.)

Section 793 is part of article 45 of the Civil Practice Act which regulates proceedings supplementary to judgment. Section 792 thereof provides in part: " This article does not authorize the seizure of, or other interference with, * * * any money, thing in action or other property held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor." That provision has had a fixed legal meaning from the days of the Revised Statutes. It recognizes " the right of the creditor in a proper action to have the amount necessary for the support of the debtor ascertained, and to compel the application of the surplus." (*Williams* v. *Thorn*, 70 N. Y. 270, 275.) But " it is only such surplus which is liable to the claims of creditors; and this surplus, it has been held, is not properly ascertainable under supplementary proceedings to discover and appropriate the debtor's property to the satisfaction of the judgment, but only in a suit or proceeding where the issue is directly made upon the amount necessary for the debtor's support, and to which the trustees and *cestui que trust* are parties." (*Graff* v. *Bonnett*, 31 N. Y. 9, 12. See Real Property Law [Cons. Laws, ch. 50], § 98, and *Demuth* v. *Kemp*, 159 App. Div. 422; 216 N. Y. 757.) This previously settled interpretation of the language that has been quoted from section 792 is to be presumed to have been made part of that section as last enacted side by side with the new section 793 by chapter 630 of the Laws of 1935. (*Matter of Trosk* v. *Cohen*, 262 N. Y. 430.) In other words, by section 792 the Legislature of 1935 said that undistributed income from a trust fund created by a person other than the beneficiary cannot be reached

through supplementary proceedings but only by a direct action to which the trustee is a necessary party.

Then did the same Legislature in the same law intend next to say by section 793 that trust income, after adventitious payment over to a beneficiary, can be reached through a number of concurrently operative summary orders to be made by different courts in supplementary proceedings to which the trustee is not a party? In our judgment the context of sections 792 and 793 does not declare so mixed a purpose. Rather, it is the opinion of the court and we so hold, that these sections when read together exclude from the reach of supplementary proceedings all income from a trust fund held for the judgment debtor where, as here, the fund was created by another.

Though this conclusion may be rested, we think, on the language of sections 792 and 793 and on that alone, it is not without support in other considerations. Nothing in section 793 answers the question, " In what condition of life is a man entitled to be supported as against his creditors?" (Gray on Restraints on Alienation of Property, § 294.) It has been difficult enough to deal with that matter in a judgment creditor's action. (*Brearley School, Ltd.,* v. *Ward,* 201 N. Y. 358, 372; *Zinke* v. *Hipkins,* 233 N. Y. 516; *Jenks* v. *Title Guarantee & Trust Co.,* 170 App. Div. 830, 836.) If the Legislature intended to commit such an issue in widespread fashion to courts having no equity powers one may assume that that idea would not have been left to doubtful implication. Again, if the time had come for so large a revision of policy in respect of spendthrift trusts, the prohibition against alienation of income by a beneficiary would hardly have remained undisturbed. (Real Property Law, § 103; Personal Property Law [Cons. Laws, ch. 41], § 15.)

The order of the Appellate Division and that of the City Court of Mount Vernon should be reversed and the creditor's motion denied, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Orders reversed, et.