ANNIS *v.* PILKEWITZ.

1. INSURANCE—DEFERRED MONTHLY PAYMENTS TO BENEFICIARY—RELATION OF INSURER AND BENEFICIARY.

Relation between insurer and beneficiary under policy after death of insured who had provided that insurer might mingle money, accruing under the policy upon her death, with its general corporate funds as a part thereof, make fixed monthly payments to beneficiary and guarantee at least three per cent. interest on unpaid balance *held*, that of debtor and creditor notwithstanding fund was designated as a trust fund.

2. SAME—DEFERRED MONTHLY PAYMENTS OF PROCEEDS—CONTRACTS
   —CONFLICT OF LAWS.

   Under policy of life insurance wherein it is provided that fund
   accruing thereunder upon death of insured should be paid out
   to beneficiary in a fixed monthly sum which was not subject to
   transfer, commutation, incumbrance, nor to legal process except
   in an action to recover for necessaries, that such contract was
   performable in New York and was subject to the laws of that
   State and no other place, rights and obligations thereunder
   *held,* to arise by virtue of contract which was valid in the State
   of origin and of performance and that the contract does not
   .   offend against the public policy of this State where suit is
   brought.

3. CONFLICT OF LAWS—INSURANCE FUND FOR BENEFICIARIES—NEW
   YORK CONTRACT AND PROPERTY LAW—MICHIGAN EXEMPTION LAW.

   In suit by creditor, holding judgment for deficiency under mort-
   gage, to reach funds payable monthly to debtor as beneficiary
   under policies of life insurance providing that benefits payable
   thereunder were not transferable or commutable or subject to
   incumbrance except in an action to recover for necessaries and
   providing that the fund accruing upon death of insured, the
   beneficiary's mother, was subject to and governed by the laws
   of the State of New York, especially a provision of the per-
   sonal property law relative to such funds, where the contract
   was made and to be performed, and not those of any other
   State, contract rights as provided by contract under New York
   statutes *held,* controlling as substantive provisions, as against
   plaintiff's claim that Michigan laws relative to exemption
   from execution permitted subjection of a portion of the pay-
   ments toward payment of his judgment (New York Personal
   Property Law, § 15).

4. CONTRACTS—SUBSTANTIVE PROVISIONS—FULL FAITH AND CREDIT.

   The substantive provisions of a contract, valid by the law of the
   State where the contract is made and to be performed, create a
   right of property enforceable in another jurisdiction provided
   it is not contrary to the public policy of the forum, and refusal
   of courts in other jurisdictions than the place of contract to
   enforce such provisions is a violation of the full faith and
   credit clause of the Federal Constitution (U. S. Const. art.
   4, § 1).

5. Insurance—Conflict of Laws—Substantive Rights.

Where a contract of life insurance is made wholly in and subject to the laws of one State, the law of another State cannot determine the substantive rights created by the contract.

6. Conflict of Laws—Contracts—Full Faith and Credit.

Refusal by courts of State, in which an action is brought, to recognize a substantive right created by contract in another State pursuant to a statutory provision permitting same is a failure to give full faith and credit to a "public act" of the State in which the contract was made and the cause of action accrued (U. S. Const. art. 4, § 1).

Appeal from Wayne; Chenot (James E.), J. Submitted October 11, 1938. (Docket No. 111, Calendar No. 40,278.) Decided December 21, 1938. Rehearing denied February 1, 1939.

Bill by Newton Annis against Louise Pilkewitz (*nee* Louise Pfeiffer Manning) and New York Life Insurance Company, a foreign corporation, to secure payment of a judgment from the payments from a trust fund. Motion to dismiss by defendant New York Life Insurance Company granted. Plaintiff appeals. Affirmed.

*Edmund M. Sloman,* for plaintiff.

*Thomas A. E. Weadock,* for defendant.

North, J. Under foreclosure of a mortgage securing the payment of a promissory note executed by Louise Pilkewitz, plaintiff took a deficiency decree in the amount of $1,265 and costs against Mrs. Pilkewitz, *nee* Manning. Execution was issued and returned *nulla bona.* Thereupon plaintiff filed this judgment creditor's bill, making Mrs. Pilkewitz and the New York Life Insurance Company defendants. Both parties appeared and answered; and the defendant New York Life Insurance Company also

filed a motion to dismiss the bill of complaint, assigning reasons hereinafter considered. The circuit judge granted this motion. Plaintiff has appealed.

Mrs. Florence Manning, mother of defendant Louise Pilkewitz and now deceased, carried four policies of insurance in the defendant New York Life Insurance Company. The insured entered into agreements with the insurer whereby provision was made for disposition of the proceeds of the respective policies. Upon the death of the insured so-called certificates of trust were issued to the beneficiary in accordance with the terms of the agreements between the insurer and the insured. This litigation concerns only the certificates issued under three of such agreements, the fourth one having been fully satisfied. Each of these three agreements contained the following provision:

"The benefits under said trust shall not be transferable nor subject to commutation or incumbrance, nor except in an action to recover for necessaries shall said company as trustee, or otherwise, pay or be liable to pay any benefits under said trust to any person, firm or corporation except to said beneficiary personally, or to a guardian for said beneficiary during minority.

"This appointment is made and delivered at the home office of said company in the city of New York where said trust is to be performed. All payments thereunder are to be made at said home office. Said trust is to be subject to and governed by the laws of the State of New York and not subject to or governed by the laws of any other place, and especially is to be governed by chapter 327 of the laws of New York, 1911, which amends section 15 of the personal property law of the State of New York, relating to trust funds, by providing that when the proceeds of a life insurance policy becoming a claim by the death

of the insured, are left with the insurance company under a trust, the benefits accruing thereunder after the death of the insured, shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries."

It is conceded that the obligation of which plaintiff seeks satisfaction is not for necessaries. In the opinion which he filed, incident to granting the motion to dismiss, the circuit judge said:

"The court cannot accept plaintiff's theory that the relationship of the parties to the agreement in issue is that of trustee and *cestui que trust*. The agreement provides for a commingling of funds and a proportion of return. These provisions are strangers to the fiduciary relation. It is the opinion of the court that there is no trust here, and that the parties stand in the position of debtor and creditor *with an express statutory exemption.*"

Appellant asserts that the circuit judge, in so holding and ordering dismissal of the bill of complaint, was in error. The record discloses that the insurance company is obligated to pay Mrs. Pilkewitz, under the certificates held by her, $270 per month; and that $140 per month is sufficient to cover her reasonable monthly living expenses. It is appellant's contention that as to the balance of $130 per month the court should order payment to a receiver to be applied on the decreed indebtedness of Mrs. Pilkewitz to plaintiff. Appellant recognizes it is provided in each of the agreements between the insurance company and the mother of Mrs. Pilkewitz that it shall constitute a contract to be performed in the State of New York and under the laws of that State, and that the benefits accruing to Mrs. Pilkewitz cannot be transferred or assigned or be-

come subject to execution except for necessities. But appellant contends that such provisions are not effective in this State in a suit to which both the insurance company and Mrs. Pilkewitz are parties. Instead, appellant asserts the exemptions to which Mrs. Pilkewitz is entitled are fixed by the law of Michigan. This presents the issue which is decisive of this appeal. If the contract rights created by the agreements entered into between the insurance company and the mother of Mrs. Pilkewitz are governed by the laws of New York, then clearly the circuit judge was right in dismissing plaintiff's bill of complaint.

It is specifically provided in each of the agreements entered into between the insurer and the insured that the issuing of the certificates now held by Mrs. Pilkewitz discharged the insurer from further liability on account of the policies held by Mrs. Pilkewitz' mother; and these agreements also provide, relative to the money accruing under the respective policies, that the insurance company "may mingle the sum so received with its general corporate funds as a part thereof." The agreements further provide that annually the insurance company "shall credit the fund then remaining in its possession with interest at such rate per annum as said company may declare for that year on funds held in trust under trusts of this kind, but shall guarantee that the rate of interest shall in no year be less than three per cent." Under similar arrangements it has been held that the relationship created between the insurance company and the recipient of the benefits is that of debtor and creditor. In *Crossman Co.* v. *Rauch*, 263 N. Y. 264 (188 N. E. 748), the court said:

"The obligation of the insurance company constitutes a debt from the company to appellant, the

beneficiary, under the policy. Although the word trust is used, the agreement is not in fact a trust agreement. The monthly payments which the company contracted to pay are definitely fixed in amount. They are not income on personal property. They constitute deferred payments which the company agreed to make to the beneficiary in consideration of the receipt at the death of insured of $50,000, the face value of the policy."

Again, in a similar case, the same court said:

"We are convinced, after a careful examination of the character of the relations existing between these parties, that it cannot be said that the defendant is in any sense a trustee of any particular fund for the plaintiff, or that it acts as to him and in relation to any such fund in a fiduciary capacity." *Uhlman* v. *New York Life Ins. Co.*, 109 N. Y. 421 (17 N. E. 363, 4 Am. St. Rep. 482).

Under New York law, which is of consequence in this case, the proceeds of the insurance carried by Mrs. Manning and payable to her daughter under the agreements with the insurance company are exempt from execution, except for necessaries, regardless of whether the relationship between the insurance company and Mrs. Pilkewitz is one of trust or one of debtor and creditor. *Crossman Co.* v. *Rauch, supra.* While it may be interesting academically, under the New York holding we think it is not of controlling importance for decision of this case whether it be said that the relation between the insurance company and Mrs. Pilkewitz is that of debtor and creditor or one of trust. The fundamental fact is that their respective rights and obligations to each other arise from contract; and that the created contractual relations are valid in the State of their origin, where by its terms the contract is to be executed. And it may also be noted that

the contract does not offend against the public policy of this State where suit is brought.

Appellant strenuously insists that Mrs. Pilkewitz' right to an exemption is controlled by the law of this State, which is not only her place of domicile but also the forum of the suit.  We quote from his brief:

"The plaintiff in this case relying upon the case of *Spring* v. *Randall,* 107 Mich. 103, claims a right to have the chancery court determine how much the defendant in this case requires for her fair support, and to make an order or decree requiring the trustee to pay over to the receiver appointed by the court, the monthly surplus of the moneys which would otherwise be payable to the defendant under the trust created by her mother. * * *

"The circuit judge, however, sought to apply a statutory exemption applicable only to proceedings at law and legal process in the State of New York. In this, the circuit judge was in error because as was pointed out in the case of *Chicago, R. I. & P. R. Co.* v. *Sturm* (174 U. S. 710, 19 Sup. Ct. 797), the Supreme Court of the United States has determined that exemption laws are not a part of the contract but rather a part of the remedy and subject to the laws of the forum."

First, it may be noted that the case of *Spring* v. *Randall,* above cited by appellant, is not controlling because the judgment there sought to be satisfied was for necessaries, but here the decree which plaintiff seeks to satisfy is not for necessaries.  If plaintiff's decree were for necessities furnished to Mrs. Pilkewitz, the question with which we are now confronted would not arise.  The issue in the instant case was not before the court in *Spring* v. *Randall, supra.*

And further it is apparent that when appellant relies upon the proposition that exemption laws

have no extraterritorial force, for which he cites numerous authorities, he confuses or fails to make a distinction between a litigant's rights arising from statutory provisions for exemptions, and the contractual rights of such a party. In the instant case we are not concerned with statutory exemptions, except that the New York statute provides for such a contract as exists between these appellees. The sole question is one of contractual rights.

The primary and controlling question presented on this appeal is whether in this suit in Michigan the contract by which the rights of the parties are determined is to be held valid as a New York contract and one that is to be performed in accordance with the law of New York, which is specifically made a part of the contract. It is important to note that the fund in the possession of the New York Life Insurance Company was placed there by the mother of Mrs. Pilkewitz, and that no portion of such funds ever belonged to Mrs. Pilkewitz. Nothing appears in this record which in any way militates against the right and power of the mother of Mrs. Pilkewitz to have made a contract of the character here in suit and to have provided therein that it should be performed in the State of New York and that the rights arising from such contract should be governed by the law of that State. There is no evidence or claim of fraud in the instant case. The New York statute provides specifically for such a contract and exempts its benefits from such a claim as plaintiff seeks to enforce in the instant case. In *Crossman Co.* v. *Rauch, supra,* the court of last resort in New York has recently said:

"If the quoted provision of section 15 of the personal property law be deemed ambiguous, it should be liberally construed in order to effectuate the

humane purpose embodied in the statute. The spirit of the act should control its construction so that 'the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public.' * * *

"We think, however, that the act in question is a clear and unambiguous statement of the purpose of the legislature to exempt from legal process, except in an action to recover for necessaries, the benefits accruing after the death of the insured under a trust or other agreement relating to the proceeds of a life insurance policy left with the insurance company where the parties to the trust or other agreement agree that such benefits shall be so exempt."

The substantive provisions of a contract, valid by the law of the State where the contract is made and is to be performed, create a right of property enforceable in another jurisdiction provided it is not contrary to the public policy of the forum. *Seamans* v. *Temple Co.,* 105 Mich. 400 (28 L. R. A. 430, 55 Am. St. Rep. 457); *Curtis* v. *Mueller,* 184 Mich. 148. Refusal of courts in other jurisdictions than the place of contract to enforce such provisions is a violation of the full faith and credit clause of the Federal Constitution (U. S. Const. art. 4, § 1). *Supreme Council of Royal Arcanum* v. *Green,* 237 U. S. 531 (35 Sup. Ct. 724, L. R. A. 1916 A, 771); *Modern Woodmen of America* v. *Mixer,* 267 U. S. 544 (45 Sup. Ct. 389, 41 A. L. R. 1384).

"Where a contract of life insurance is made wholly in and subject to the laws of one State, the law of another State cannot determine the substantive rights created by the contract. * * *

"Refusal by the courts of another State to recognize the right thus arising under the statute, was a

failure to give full faith and credit to a 'public act' of the State in which the contract was made and the cause of action accrued. Const. art. 4, § 1." *John Hancock Mutual Life Ins. Co.* v. *Yates* (syllabus), 299 U. S. 178 (57 Sup. Ct. 129).

To the same effect, see *Ætna Life Ins. Co.* v. *Dunken*, 266 U. S. 389 (45 Sup. Ct. 129); *Boseman* v. *Connecticut General Life Ins. Co.*, 301 U. S. 196 (57 Sup. Ct. 686, 110 A. L. R. 732). The law set forth in the foregoing citations has been followed in recent decisions of this court. *State of Ohio, ex rel. Fulton,* v. *James N. Purse,* 273 Mich. 502; *Alropa Corporation* v. *King's Estate,* 279 Mich. 418.

In appellant's brief, *Kaplan* v. *Peyser,* 273 N. Y. 147 (7 N. E. [2d] 21), is cited in support of the contention "that even in the State of New York an insurance trust agreement cannot deprive a court of equity of jurisdiction and control over the income or surplus of trust funds accruing from income, not required for the fair support of the beneficiary." *Kaplan* v. *Peyser, supra,* has no bearing upon the question of law with which we are here concerned. That case, involving a trust fund or the income therefrom, has to do with general statutory exemptions from execution. It in no way involves section 15, personal property law (chap. 41, consolidated laws of New York [40 McKinney's Consol. Laws, § 15, Cahill's Consol. Laws, chap. 42, § 15]), relating to the proceeds of life insurance and upon which these appellees rely.

The order entered in the circuit court dismissing the bill of complaint is affirmed, with costs to appellees.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Butzel, J., did not sit.