In the Matter of the General Assignment for the Benefit of Creditors of BERGER & GEWIRTZ BAKERS, INC., Assignor, to LOUIS S. MIDLER, Assignee. NATIONAL GRAIN YEAST CORP., Appellant; LOUIS S. MIDLER, as Assignee, Respondent.— Order granting motion of assignee to settle and allow his account, make allowances and direct the distribution of the assets of the assignor, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

In the Matter of the Petition of LEON WOLF to Prove the Last Will and Testament of BERNARD HERSKOWITZ, Also Known as BERNART HERSKOWITZ, Late of the County of Kings, Deceased. LEON WOLF, as Executor Named in Last Will and Testament of BERNARD HERSKOWITZ, etc., Deceased, Proponent-Appellant, CHARLES HEARST, Appellant; ISIDORE M. MARGOLIES and ABE HEARST, Respondents.— Decree of the Surrogate's Court of Kings County, denying probate to a script executed by the decedent on May 22, 1939, on the ground that the testator did not possess testamentary capacity, in so far as appealed from, reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. An examination of the testimony relating to the issue of testamentary capacity discloses that a finding of want of such capacity is against the overwhelming weight of evidence. Of all the witnesses who testified for the contestants only two assumed to brand the decedent as having been guilty of conduct that was irrational. One of them who gave such an opinion furnished no evidentiary basis for it. The other one furnished a semblance of a basis for the opinion that the decedent had been irrational, and his testimony barely makes a jury question on the issue. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

In the Matter of the Application of FRANK V. ROMANELLI, Petitioner, against HENRY E. BRUCKMAN and Others, as New York State Liquor Authority, Respondents.— Determination of the New York State Liquor Authority revoking petitioner's liquor license, after a hearing of charges and a finding that he had violated the provisions of subdivision 6, section 106, of the Alcoholic Beverage Control Law, unanimously confirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of Supplementary Proceedings after Judgment: ARCHIE A. SMITH, Appellant, v. MADELEINE P. COX, Respondent.— Appeal by a judgment creditor in a supplementary proceeding from an order of the County Court of Westchester County, (a) denying a motion to punish the judgment debtor for contempt, (b) vacating an order entered previously directing weekly payments out of the income from a trust, and (c) dismissing the proceeding. Order affirmed, without costs, on the authority of *Matter of Kaplan* v. *Peyser* (273 N. Y. 147). Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.