Daniel J. O’Mara, J.
The defendant Barbara Ann Kinnett was the operator of an automobile owned by her mother and codefendant, Jennie Kinnett, and which was involved in an accident on November 23, 1955, and in which automobile the infant plaintiff, Anne E. Manard, was a passenger. The infant passenger brought an action by her mother as guardian ad litem against the owner and operator of the automobile in which she was a passenger. A derivative action was also brought by Agnes Manard, mother of the infant passenger.
For the purpose of determining as to whether the default judgments taken against the infant defendant under date of May 2, 1958 should be vacated and set aside, it is of some considerable importance to relate the proceedings that took place prior to the date upon which the default judgments were taken.
The summons and complaint in each of the said actions were served upon the defendants on November 26,1955 and it appears from the records of the County Clerk’s office that an answer was filed on February 3,1956, but only in behalf of the defendant Jennie Kinnett.
It appears that under date of September 14, 1956 the defendant Jennie Kinnett was examined before trial in the law offices of Meyer Fix at 500 Powers Building, Rochester, New York, and that under date of June 4, 1957 the infant defendant was likewise examined before trial at the same law offices. Both of said defendants were examined by Mr. Karz, attorney for the plaintiffs, and by Mr. Fix, attorney for the defendants. It would appear that the infant defendant, at the time that her deposition was taken, was considered not only by herself but by the attorneys as a party defendant in the said actions.
It developed upon the examination before trial of the defendant Jennie Kinnett that her daughter, Barbara Ann Kinnett, was only 16 years of age at the time of the happening of the accident, whereupon the attorneys for the plaintiffs served a notice of motion upon both defendants for the appointment of a guardian ad litem for the said infant defendant. Upon the return date of the said motion, attorney Meyer Fix appeared *1004 in behalf of both defendants, and according to the records on file, recommended to the court that the mother of said infant daughter be appointed her guardian ad litem. The said recommendation was followed and by an order dated November 28, 1956 Jennie Kinnett was appointed guardian ad litem for her infant daughter, Barbara Ann Kinnett.
Both actions were brought to trial on April 24, 1958 and according to the stenographic minutes of said trial, the plaintiffs were represented by the law firm of Karz, Michaels and Buetens and the defendants by attorney Meyer Fix. The case took four days to try and it appears from the stenographic minutes that the infant defendant was present in court during the entire trial and it was apparently considered by all parties and their attorneys, as well as by the court, that the infant defendant was a party defendant in both actions. The first indication that the infant defendant was not to be considered as a party to the said actions was when the court charged the jury.
It must be assumed that upon the completion of the presentation of the evidence it was brought to the attention of the court that no answer had ever been filed in either of the said actions by the guardian ad litem in behalf of the infant defendant, for during the course of the court’s charge the name of the infant defendant was eliminated from both actions.
The court submitted to the jury not only the questions of negligence and contributory negligence, but also the question as to whether the automobile at the time and place of the accident was being operated with the owner’s permission. From the form of the jury verdicts it is impossible to determine the basis of the said verdicts as to whether they were based on the question of negligence, contributory negligence, or lack of permission, and the fact is that the basis of the said verdicts even as against the defendant Jennie Kinnett has not as yet been determined, and never will be, and for the reason that the appeal filed has been dismissed.
The jury returned with verdicts of no cause for action, but only as against the defendant Jennie Kinnett. Upon the next day following the rendition of the verdicts, a motion was made in behalf of the plaintiffs to set the verdicts aside upon all the grounds specified in section 549 of the Civil Practice Act except excessiveness, and the said motion was denied. Whereupon Mr. Karz in behalf of the plaintiffs requested that it appear upon the record that the infant defendant Barbara Ann Kinnett was not to be considered as a party to the said actions and that the judgments were to be entered only as to the defendant Jennie *1005 Kinnett, and to this request the court responded, “ That’s my-understanding.” Whereupon Mr. Fix for the first time insofar as it is disclosed by the record of the trial stated, “ My answer was only on behalf of Jennie Kinnett.”
It appears to be conceded that Mr. Fix represented the defendant Jennie Kinnett as the legal representative of the insurance company that insured her automobile, and as near as it can be ascertained from the moving papers, the reason why he did not interpose an answer in behalf of the infant defendant was due to a claimed conflict of interest between the two defendants on the question as to whether the infant defendant was operating the automobile at the time and place of the accident with the permission of the owner.
The claimed conflict of interest would appear to be without substance and for the reason that both defendants at the time of their examinations before trial testified that at the time and place of the accident the automobile was being operated without the owner’s permission, and they so testified at the trial. The plaintiffs alleged in their complaints that the automobile was being operated at the time of the accident with the owner’s permission, and this allegation was denied in the answer filed in behalf of the owner defendant. Under those circumstances it is difficult to understand why the rights of the defendant operator were not protected by the legal representative of the insurance company.
With further reference to the question of conflict of interest as heretofore stated, the legal representative of the insurance company upon the return date of the motion for the appointment of a guardian ad litem for the infant defendant recommended that the infant’s mother be so appointed, and it is provided by rule 40 of the Buies of Civil Practice that one of the qualifications of a guardian ad litem is that the appointee shall have no interest adverse to that of the infant.
The motion to set aside the verdicts was made on April 29, 1958 and as heretofore stated, the default judgments against the infant defendant and in favor of both plaintiffs were taken under date of May 2, 1958; one in favor of the infant plaintiff in the sum of $4,616.75, including costs and disbursements, and the other in favor of the infant’s mother in the sum of $1,116.75, including costs and disbursements. The fact is that the default judgments in question were taken against the infant defendant individually, rather than against her guardian ad litem. It might be well to further point out that nowhere in these proceedings, or in the proceedings leading up to the taking of the *1006 default judgments, does the title of “ Barbara Ann Kinnett, an Infant, by Jennie Kinnett, her guardian ad litem ” appear as a party to the said actions.
It appears in the recital clause of the order granting the judgments in question that notice for the application for the judgments in question would be futile and useless, and the said conclusory statement appears to be based upon identical language contained in the affidavit executed by one of the attorneys for the plaintiffs under date of May 2, 1958 and which said affidavit was presented to the court in connection with the application for the default judgments now in question,
Based upon the said statement the court dispensed with the notice required by rule 190 of the Buies of Civil Practice, but nevertheless it is believed that the failure to give notice of the application for default judgments is a fact that should be taken into consideration in connection with the present proceeding. And it might be well to point out that the infant defendant had not reached her majority when the default judgments were taken. She became 21 years of age on June 6, 1960.
On the question as to whether this motion was timely instituted, having in mind the provisions of section 108 of the Civil Practice Act, it appears from the affidavit of the defendant operator that she was served with papers in connection with the default judgments and it appears further from the affidavit of her present attorney that the papers were served upon the guardian ad litem of the defendant operator. As to the date of service of said papers, the only information furnished this court is the notation “ Served 6/25/58 ” upon the top of one of the copies of the default judgments handed up to the court upon argument of this motion, and it would appear that the said notation was affixed by attorney Fix.
If the time of the disability of infancy as set forth in section 528 of the Civil Practice Act may be applied to the facts in this case, this proceeding was timely brought, but even though the disability provisions of section 528 do not apply to the facts in this case, it is believed that an infant defendant, having in mind the provisions of section 108, should have a reasonable time after reaching her majority in which to institute proceedings to vacate and set aside a default judgment. And it is felt that these proceedings were instituted within a reasonable time after the infant reached her majority. In Redfield v. Critchley (277 N, Y, 336), Judge Loughrax stated: “ Sections 108 and 528 are to be read together so that both shall have due and conjoint effect (Matter of Kaplan v, Peyser, 273 N. Y. 147) ” (p. 340).
*1007 The fact remains that up to the present time, the present proceedings excluded, nobody has done anything to protect the interest of the infant in question. The answers to the' plaintiff’s complaints which should have been served were not served, and neither the infant nor her guardian ad litem were given any opportunity to appear in the proceedings incident to the obtaining of the default judgments.
In view of all of the facts and circumstances leading up to and including the taking of the default judgments in question, and regardless of technicalities involving the interpretation of statutory provisions, it is felt that in the interest of fair play and substantial justice the infant defendant, who has now reached her majority, should have her day in court for the purpose of having determined the questions of negligence and contributory negligence in connection with the happening of the accident in question. Courts always have control over their own proceedings and may deal with them so that what is right and just may be achieved. And in the exercise of the discretion vested in this court, and based upon the facts herein set forth, the motion to vacate and set aside the default judgments is hereby granted, without costs.