NICEWANDER v. DIAMOND.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In action by eastbound plaintiff on a stop road against northbound defendant on through highway, conflicting evidence as to speed of defendant and as to stopping by plaintiff before entering the intersection presented question of plaintiff's contributory negligence for the jury and supported its verdict of no cause of action.

2. APPEAL AND ERROR—IRREGULARITIES—MISCARRIAGE OF JUSTICE.

In action by eastbound plaintiff on stop road against northbound defendant on through highway and cross action by defendant against plaintiff for injuries sustained from collision at the intersection, while Supreme Court does not condone what appears to have been a studied effort to get the matter of insurance before the jury, such irregularity and others, including some excesses of zeal on the part of counsel for each side, *held*, under record presented, not of such a nature as to permit finding there has been a miscarriage of justice where it appears that both parties were guilty of negligence (3 Comp. Laws 1929, § 15518).

3. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—VERDICT —EVIDENCE.

In action by eastbound plaintiff on stop road against northbound defendant on through highway and cross action by latter against former, testimony as to speed of defendant and as to whether or not plaintiff stopped before entering intersection *held*, ample to support jury's finding that both parties were guilty of negligence.

Appeal from Branch; Jacobs (Theo T.), J. Submitted April 8, 1942. (Docket No. 32, Calendar No. 41,884.) Decided June 10, 1942.

Case by Melvin Nicewander against James Diamond for damages for personal injuries sustained

---

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 476.

in a motor vehicle collision at an intersection and damages for sums paid for the care of plaintiff's wife in the same collision. Cross-declaration by defendant for damages to automobile. Verdict of no cause for action as to either party. Plaintiff appeals. Affirmed.

*George A. Winkler* and *Emory M. Gregg,* for plaintiff.

*Cowell & Frankhauser,* for defendant.

BUSHNELL, J. This is an appeal by plaintiff Melvin Nicewander from a judgment of no cause of action entered upon the verdict of a jury. In answer to plaintiff's declaration claiming damages resulting from an intersection collision, defendant James Diamond filed a cross-declaration in which he also claimed damages. The jury determined that neither party should recover. Defendant did not appeal. Plaintiff contends that he did not have a fair trial and that the verdict and judgment are contrary to the great weight of the evidence.

About 11:30 a.m., on September 21, 1940, plaintiff and his wife were proceeding in a Ford car in an easterly direction on Branch county highway No. 342 toward the intersection of U. S. highway No. 27 in the village of Girard. No. 342 runs due east and west and is paved with black top; No. 27 runs due north and south and is paved with cement about 20 feet in width. There are stop signs on No. 342, where it intersects with US-27. The intersection is level and considerably wider than the paved portions of the intersecting highways. A store is located on the southwest corner of the intersection, and south of the store on the west side of

the highway are a number of houses, but one approaching from the west has a clear view to the south from about 29 feet west of the edge of the pavement.

Plaintiff testified that as he came up to the intersection he observed the stop sign and stopped his car approximately 10 feet from the edge of the pavement. He looked south and north and there was no motor vehicle in sight, so he started up in low gear and, as he glanced back over the road, saw a car coming some 580 paces away. He said he killed the engine of his car just as the front wheels went up on the pavement, and that the car came to a full stop some 2 or 3 feet from the center line of the pavement. On cross-examination plaintiff said he had an idea that defendant's car was coming toward him at a speed of about 50 or 60 miles per hour.

Defendant is a farmer and well acquainted with the intersection. He testified that he was coming home from Coldwater with a load of grist on a two-wheeled trailer fastened to the rear of his Chevrolet car, and that his load weighed between 1,500 and 1,600 pounds; that he had two of his small boys with him, was not in a hurry, and was driving about 30 miles per hour. He said that when he was about 30 feet from the intersection he first saw plaintiff's car and that it was then about 10 or 12 feet from the pavement; that plaintiff's car did not stop or slow down, and that he was unable to avoid the collision. Defendant's car came to a stop within about 30 feet from the point of impact. Disinterested witnesses testified that both cars were traveling at about 25 miles per hour, and one eyewitness testified that plaintiff did not stop before entering the intersection. In the face of the

disputed facts, plaintiff's contributory negligence was a question for the jury and its verdict of no cause of action is supported by the testimony.

Plaintiff claims, however, that he did not receive a fair trial because of references to insurance that were made in the *voir dire* examination, and he complains about the opening statements of defendant's counsel and contends that the court permitted defendant's counsel to ask leading questions and conducted the trial so as to put plaintiff in a position where he was required either to prejudice his cause by repeated objections and adverse rulings or submit to improper questions being asked. He argues that the court prejudiced the jury on the question of plaintiff's contributory negligence in its charge by repetition and emphasis.

We do not condone what appears to have been a studied effort to get the matter of insurance before the jury. But this and the other irregularities are not of such a nature that we can say, after examining the entire record, that there has been a miscarriage of justice. 3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618).

The case was vigorously contested on both sides. In the heat of argument, improprieties do creep into trials and the zeal of counsel sometimes leads them astray. As was said in *Peters* v. *Wurzburg,* 267 Mich. 45, 49:

"We do not approve of quibbling and discourtesy in the trial of cases, but such action on the part of counsel or litigants usually produces its logical result. Neither juries nor judges are impressed or influenced by such conduct. Both parties were provided with unusually competent and aggressive lawyers. In several particulars their zeal almost resulted in a substitution of parties. The record,

however, justifies the conclusion that the trial judge succeeded in keeping the proceedings on a fairly even keel.''

We do not find from an examination of the charge given by the trial judge, which covers about 24 pages of the record, that any matter was unduly emphasized to the detriment of either party. The evidence amply supports the jury's findings that both parties were guilty of negligence.

The judgment entered upon the jury's verdict is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUT-ZEL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.