LIEBERTHAL *v.* GLENS FALLS INDEMNITY COMPANY
OF GLENS FALLS, NEW YORK.

AUTOMOBILES—INSURER AS PARTY—OUT-OF-STATE ACCIDENT—STAT-
UTES.

In an action by resident of this State against motorist's in-
surer for personal injuries, sustained by plaintiff in a State per-
mitting a plaintiff to join a motorist's insurer or bring a sepa-
rate action against such insurer, order granting specially-
appearing defendant's motion to dismiss is affirmed in view of
statute of this State that in an action brought by an in-
jured party for damages resulting from the negligent opera-
tion of a motor vehicle the insurer shall not be made, or
joined, as a party defendant (Wisconsin Statutes, § 85.93;
3 Michigan Comp. Laws 1929, § 12460).

BUTZEL, C. J., and REID, J., dissenting.

Appeal from Gogebic; Landers (Thomas J.), J.
Submitted April 4, 1946. (Docket No. 39, Calendar
No. 43,299.) Decided October 7, 1946.

Case by Lewis J. Lieberthal against Glens Falls
Indemnity Company of Glens Falls, New York, for
personal injuries sustained in an automobile acci-
dent in Wisconsin. Motion to dismiss granted.
Plaintiff appeals. Affirmed.

*S. W. Patek* (*Quarles, Spence & Quarles,* of coun-
sel), for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey,
Jr.,* for defendant.

NORTH, J. Plaintiff, a resident of Gogebic county, Michigan, brought suit at law in the circuit court of Gogebic county to recover damages for his personal injuries sustained in an automobile accident which happened in Wisconsin. The sole defendant, a New York corporation, is the insurer of the owner of an automobile involved in the accident. Defendant's policy was delivered in Wisconsin to the insured. The validity of the service of the court's process on the defendant insurance company is not questioned. Defendant entered a special appearance. Subsequent to defendant's appearance plaintiff's declaration and an amendment thereto were filed. Defendant thereafter made a motion to dismiss. The reasons in support of defendant's motion are confined solely to challenging the court's jurisdiction of the subject matter of the suit. Defendant's motion to dismiss was granted by the circuit judge, and plaintiff has appealed.

The purport of defendant's motion appears from the following reasons which, among others, were assigned in support of the motion to dismiss.

"No cause of action exists in Michigan against this defendant.

"The situs of the cause of action alleged in plaintiff's declaration exists only in the State of Wisconsin.

"If, as plaintiff claims in his declaration, substantive rights are created by the statutes of Wisconsin, then those rights and any and all claims of the plaintiff that he is entitled to maintain this suit in this Court, are contrary to the public policy of the laws of the State of Michigan and particularly 3 Comp. Laws 1929, § 12460 (Stat. Ann. 1943 Rev. § 24.296).

The parties agree that plaintiff could prosecute his suit in Wisconsin against the insurer as a sole

defendant notwithstanding judgment has not been obtained against the insured. Such is the case because of statutory provisions in Wisconsin * and under decisions of the supreme court of that State. Since there is no controversy between the parties in this respect, we forego citation of the applicable statutory provisions and decisions in that State.

While there is some controversy between plaintiff and defendant as to whether the Wisconsin law, affording plaintiff the right in that State to bring his suit against the insurance company as sole defendant, is procedural in character or substantive law, we deem it unnecessary to pass upon that question because we are of the opinion that decision herein is controlled by another principle of law applicable to the instant case, even though it be assumed that the phase of the Wisconsin law above noted is substantive in character rather than procedural. However, an interesting decision bearing upon the question as to whether the law is procedural or substantive in character will be found in McArthur v. Maryland Casualty Co., 184 Miss. 663 (186 South. 305, 120 A. L. R. 846).

Even though, as plaintiff asserts, the provision of the Wisconsin statute authorizing suit against the insurer as a sole defendant in this type of case vested plaintiff with a substantive right, and therefore normally should be recognized as a matter of comity in Michigan, nonetheless if such provision of law is contrary to the public policy of this State it will not be recognized or enforced in the courts of this State.

"Much has been written on the enforcement of transitory actions and the theory underlying decisions in such matters has been variously explained

---

* See Wisconsin Statutes, § 85.93.—Reporter.

on the grounds of 'comity' and 'vested rights.' (Citing numerous authorities.)

"Under any theory of enforcement there is the well-established exception that the foreign law will not be recognized if contrary to the public policy of the forum." *Eskovitz* v. *Berger,* 276 Mich. 536, 540.

"By comity, citizens of Illinois may sue in the courts of Michigan, but the law of Illinois has no extraterritorial force. The courts of this State may not be used to prosecute to effect a cause of action in a manner contrary to the laws of Michigan." *Walton School of Commerce* v. *Stroud,* 248 Mich. 85, 89.

"While the general rule is that a contract valid where made is valid in the courts of any other country or State where it is sought to be enforced, there are exceptions to the rule, and one of them is where the contract violates the public policy of the State of the forum. 9 Cyc. p. 674; *Seamans* v. *Temple Co.,* 105 Mich. 400 (28 L. R. A. 430, 55 Am. St. Rep. 457)." *Curtis* v. *Mueller,* 184 Mich. 148, 152.

Notwithstanding plaintiff could prosecute his suit in Wisconsin, the question arises — Is it contrary to public policy in Michigan that a suit of this character should be prosecuted against the tortfeasor's insurer as a sole defendant? Public policy of a State is fixed by its Constitution, its statutory law, and the decisions of its courts; and when the legislature enacts a law within the limits of the Constitution, the enactment insofar as it bears upon the matter of public policy, is conclusive. See *In re McKee's Estate,* 71 N. D. 545 (3 N. W. [2d] 797), wherein, quoting from an earlier case, it is said: "Public policy is but the manifest will of the State. * * * And when the legislature has spoken and

enacted a law embodying a certain principle, the policy is determined." Michigan's public policy touching the phase of the law under consideration has been definitely fixed by statute. As to bringing an insurance company into a suit of this character as a defendant, the following is provided in our statutory law.

"In such original action (including personal injuries caused by a motor vehicle), such insurance company (authorized to do business in Michigan), or other insurer, shall not be made, or joined as a party defendant, nor shall any reference whatever be made to such an insurance company, or other insurer, or to the question of carrying of such insurance during the course of trial." 3 Comp. Laws 1929, § 12460 (Stat. Ann. § 24.296).

In accord with the above provision, we have repeatedly held in substance: "There was prejudicial error in bringing before the jury, in the subtle method employed, the suggestion that defendant carried liability insurance." *Janse* v. *Haywood,* 270 Mich. 632.

"It is a fact of which we cannot but take judicial notice that, in cases where jurors obtain information that the damages as fixed by them will be paid by insurance companies, the amount thereof is usually greatly enhanced." *Holman* v. *Cole,* 242 Mich. 402.

"We do not condone what appears to have been a studied effort to get the matter of insurance before the jury." *Nicewander* v. *Diamond,* 302 Mich. 239.

See, also, *Kerr* v. *National Fulton Brass Manfg. Co.,* 155 Mich. 191; and *Dewey* v. *Perkins,* 295 Mich. 611.

The public policy sought to be sustained in this State by the statute and judicial decisions is that a plaintiff shall not be permitted to inject into his

suit the element of insurance and thereby obtain an excessive and unjust verdict.

We are not in accord with appellant's contention that: "If the above statute does declare a public policy for Michigan the letter of the declaration (statute) limits it to such suits on a policy 'issued or delivered in this State.'" We think the statute prohibiting a plaintiff from making the insurer a party defendant or referring to the insurer in the course of the trial, as a matter of public policy is not only applicable to the insurers who issue or deliver policies in this State but likewise to the insurer who delivered a policy in another State and is sued in a court in this State. Twice in the quoted portion of the statute the expression "or other insurer" is used, and evidently means an insurer other than one authorized to do business in Michigan. And further, it may be noted that the defendant in the instant case was authorized to do business in Michigan and to deliver its policies in this State.

We cannot escape the conclusion that plaintiff's attempt to prosecute his suit in Michigan against the insurer as a sole defendant is contrary to Michigan law, and for that reason a Michigan court may not assume jurisdiction as a matter of comity. The instant case does not fall within *Kaiser* v. *North,* 292 Mich. 49, 57, wherein we said:

"The fact Michigan statutory regulations of the rights of a motor vehicle guest passenger may differ from Ontario statutory provisions, or even the provisions of the common law governing like rights, is not a reason for holding the statute of the foreign jurisdiction contravenes public policy here."

In effect the above is only a holding that a mere difference in statutory provisions of a foreign jurisdiction and those of this State is not sufficient alone to result in contravention of our public policy. In-

stead of being comparable to the *Kaiser Case,* the case at bar falls within the same field of law as *Walton School of Commerce* v. *Stroud* and *Curtis* v. *Mueller, supra.* And in point of law the instant case cannot be distinguished from *Kircher* v. *Kircher,* 288 Mich. 669 (7 N. C. C. A. [N. S.] 72), where, notwithstanding the suit could have been maintained in a Colorado court, we said:

"Plaintiff invokes the doctrine of comity. To recognize comity in this instance would contravene the public policy of this forum.

"As has been stated, it is contrary to public policy in this State to permit one spouse to sue the other for negligent injury, and this closes the court to the action at bar brought by a resident of Michigan against her husband for a tort committed in Colorado."

In general it may be said that the test as to whether courts of this State will entertain jurisdiction is not whether the law of another State under which the right of action is asserted differs from Michigan law; but rather is the prosecution of the suit in violation of the settled law of this State — *i. e.,* the law of the forum. Prosecution of the instant suit would be in direct violation of our statutory law and judicial decisions which establish in that respect public policy in this jurisdiction.

"It is true that, under rules of law generally applicable, these courts (in the forum jurisdiction) may refuse to enforce a mere right of contract if it provides for doing within the District (of Columbia where suit was pending) things prohibited by its laws." *Loughran* v. *Loughran,* 292 U. S. 216, 227 (54 Sup. Ct. 684, 78 L. Ed. 1219).

"Under rules of law generally applicable a State may refuse to enforce a contract which provides for

doing within it an act prohibited by its laws." *Bothwell* v. *Buckbee, Mears Co.*, 275 U. S. 274 (48 Sup. Ct. 124, 72 L. Ed. 277).

To the same effect, see *The Kensington,* 183 U. S. 263, 269 (22 Sup. Ct. 102, 46 L. Ed. 190) and *Bond* v. *Hume,* 243 U. S. 15, 21 (37 Sup. Ct. 366, 61 L. Ed. 565).

The result would be the same in the instant case regardless of whether the pertinent law of Wisconsin is held to be procedural or substantive. Nor, for the purpose of determining defendant's motion to dismiss on the ground that the Michigan court could not entertain jurisdiction of the subject matter — *i. e.,* of a suit brought against the insurer as a sole defendant, is it at all material whether the appearance of defendant was special, or general as claimed by plaintiff. See Michigan Court Rule No. 18, § 1 (b) (1945). Under the practice in this jurisdiction one who has entered a general appearance may thereafter make a motion to dismiss on the ground that the court does not have jurisdiction of the subject matter. In the instant case the subject matter, in a material part at least, is the right of the plaintiff in this type of case to bring suit against the insurer.

The trial court was not in error in granting defendant's motion to dismiss. In so holding we are mindful of *Kertson* v. *Johnson,* 185 Minn. 591 (242 N. W. 329, 85 A. L. R. 1), cited by appellant. But it does not appear in the *Kertson Case* that Minnesota has an express statutory provision comparable to 3 Comp. Laws 1929, § 12460 (Stat. Ann. § 24.296) above quoted. A decision more in point, and which was controlled by Michigan law, will be found in *Pitcairn* v. *Rumsey,* 32 Fed. Supp. 146, where a headnote reads:

"Where liability insurer was wrongfully joined as defendant in original action against assured by receivers, insurer would be dismissed."

Mr. Justice BUTZEL, in an opinion for reversal in the instant case, has cited numerous cases in support of plaintiff's contention that the Michigan court should entertain jurisdiction. Among them is *Kertson* v. *Johnson, supra,* which, as above noted, is not in point for the reason that so far as appears from the reported case the State of Minnesota, unlike Michigan, has not, as a part of its public policy, embodied in its statutory law a provision forbidding in a case of this character making the insurer of a tortfeasor a party defendant. The same may be said of each and every one of the other cases cited by my Brother to the point under consideration. In none of the jurisdictions where the respective cited decisions were rendered is it made to appear that in the statutory law of the forum there was a provision comparable to 3 Comp. Laws 1929, § 12460 (Stat. Ann. § 24.296), above quoted.

*Burkett* v. *Globe Indemnity Co.,* 182 Miss. 423 (181 South. 316), noted in my Brother's opinion went so far as to hold that an action of this character could not be maintained in the Mississippi courts because in that State there was no statutory provision authorizing such a suit. Thus the holding went much further than our conclusion in the instant case, since in Michigan there is the express statutory provision against making the insurer a party defendant in a case of this character.

Justice BUTZEL's opinion notes that in *Larabell* v. *Schuknecht,* 308 Mich. 419, the suit was instituted not only against a tavern keeper but his bondsman was also joined as a party defendant; however, as is noted in my Brother's opinion, in that type of

case there is a specific provision in the Michigan statute for so joining the bondsmen or surety. See Act No. 8, § 22, subd. 2, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209–37, Stat. Ann. 1946 Cum. Supp. § 18.993). Obviously the *Larabell Case* is not a precedent for holding that in violation of our express statutory provision forbidding it, an insurer may be made either a sole defendant or a joint defendant with a tortfeasor in a case such as that under consideration.

Because we are not in accord therewith, we do not review in detail appellant's contention that Michigan's so-called third-party beneficiary contracts statute (Act No. 296, Pub. Acts 1937 [Comp. Laws. Supp. 1940, § 14063–1 *et seq.*, Stat. Ann. 1946 Cum. Supp. § 26.1231 *et seq.*]), affords ground for holding plaintiff may maintain his suit against the insurer. We decline to hold that the third-party beneficiary statute repeals by implication 3 Comp. Laws 1929, § 12460 (Stat. Ann. § 24.296).

The judgment entered in the circuit court is affirmed, with costs to appellee.

CARR, and SHARPE, JJ., concurred with NORTH, J.

BOYLES, J. (*concurring*). The statute on which Mr. Justice NORTH relies (3 Comp. Laws 1929, § 12460 [Stat. Ann. § 24.296]) is a part of the general insurance law of this State. Referring to suits brought by an injured party for damages resulting from negligent operation of a motor vehicle it provides as follows:

"In such original action, such insurance company, or other insurer, shall not be made, or joined as a party defendant, nor shall any reference whatever be made to such an insurance company, or other insurer, or to the question of carrying of such insurance during the course of trial."

In some cases this court has found exceptions to that part of the above provision which forbids any reference to be made to insurance, during the trial. *Harker* v. *Bushouse,* 254 Mich. 187; *Gegan* v. *Kemp,* 302 Mich. 218; *Anderson* v. *Conterio,* 303 Mich. 75; *White* v. *Makela,* 304 Mich. 425; *Bathke* v. *City of Traverse City,* 308 Mich. 1; *Gleason* v. *Hanafin,* 308 Mich. 31. However, we have not allowed any exception to the plain prohibition of the statute that an insurance company shall not be made, or joined as a party defendant. To allow such a suit to be maintained in this State against an insurance company as sole defendant is squarely prohibited by the statute without any exception. This is a question of jurisdiction, not one of substantive law. In this State the plain language of the statute controls, the court has no jurisdiction of such a suit against the insurance company, and for that reason I concur in the conclusion reached by Mr. Justice NORTH.

BUSHNELL, J., concurred with BOYLES, J.

BUTZEL, C. J. (*dissenting*). Plaintiff, Lewis J. Lieberthal, a resident and citizen of the city of Ironwood, Gogebic county, Michigan, on the 5th day of June, 1944, while in the city of Waukesha, Wisconsin, claims he was very severely injured in an automobile collision that occurred through the negligence of the Yellow-White Cab Company, a common carrier in whose cab he was riding. The cab company carried motor vehicle liability insurance in the Glens Falls Indemnity Company of Glens Falls, New York, which also engages in and carries on its automobile insurance business in the States of Wisconsin and Michigan. A policy by virtue of which plaintiff seeks to recover his damages for the injuries was issued to the alleged tortfeasor in the State of Wisconsin, which by section

85.93 of the statutes of Wisconsin creates a direct liability on the part of the insurance company to the party injured through the negligence of the insured named in the policy. In construing section 85.93, *supra,* in *Kujawa* v. *American Indemnity Co.,* 245 Wis. 361 (14 N. W. [2d] 31, 151 A. L. R. 1133), the court traced the history of the statute, cited many previous cases, and said:

"There can be no doubt as to the right of plaintiffs to pursue their action against Coaty's insurance carrier alone."

It also said:

"It must be noted that the terms and conditions of section 85.93, Statutes, are a part of the insurance policy with like force and effect as though printed in the policy, and this is true whether the policy be considered an indemnity policy or a liability policy."

Plaintiff brought this suit against defendant insurance company alone in the circuit court for the county of Gogebic, in which he resides. Process was served on the commissioner of insurance. This was proper. 3 Comp. Laws 1929, § 12315, as amended by Act No. 163, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 12315, Stat. Ann. § 24.94). In his declaration plaintiff sets forth the accident, the negligence of the tortfeasor, the damages, and the direct liability of defendant, and plaintiff's right of action without joining the tortfeasor or first obtaining a judgment against the latter.

Defendant appeared specially in a motion to dismiss. On such motion all facts well pleaded by plaintiff must be assumed to be true. *General Motors Corp.* v. *Attorney General,* 294 Mich. 558 (130 A. L. R. 429). The trial judge based his order of dismissal partly on section 12460, 3 Comp. Laws 1929 (Stat. Ann. § 24.296), which states that:

"In such original action, such insurance company, or other insurer, shall not be made, or joined as a party defendant, nor shall any reference whatever be made to such an insurance company, or other insurer, or to the question of carrying of such insurance during the course of trial."

The reason for the rule is set forth in *Holman* v. *Cole*, 242 Mich. 402, as follows:

"It is a fact of which we cannot but take judicial notice that, in cases where jurors obtain information that the damages as fixed by them will be paid by insurance companies, the amount thereof is usually greatly enhanced."

However, section 12460, *supra*, is limited *in haec verba* to a policy "issued or delivered in this State by any corporation or other insurer," and in its provisions later refers to "such policy." It is contended that the phrase "or other insurer," as used in the statute refers to an insurer other than one authorized to do business in Michigan. A close reading of the statute, however, shows the true import of this phrase, which is used for the first time at the beginning of the section as follows:

"No policy of insurance    *    *    *    shall be issued or delivered *in this State* by any *corporation or other insurer authorized to do business in this State.*" (Italics supplied.)

Thereafter, the phrase, "corporation, or other insurer," is used, then "insurance company, or other insurer," as above quoted, then again, "corporation, or other insurer," and, finally, "corporation or other insurer," is used again. That "other insurer" referred to, is that first mentioned, "other insurer authorized to do business in this State," seems most logical. The apparent intent of the legislature was to include in this section not only

corporations authorized to do business in this State, but private insurers as well. Under the specific wording of the statute it does not apply to a policy issued in another State. It refers solely to those issued in Michigan.

The Wisconsin statute in effect creates a liability to a third-party beneficiary. The record does not indicate whether the insurance companies increased their rates after the adoption of section 85.93 because of any increased risk through the direct liability to injured parties. The principle hereinbefore set forth in *Holman* v. *Cole, supra,* holds true in all States. Making an insurance company a party defendant, or referring to a policy in a suit against a tortfeasor, at most is to prevent a *malum prohibitum,* not a *malum in se* as to policies issued in Michigan. In *Larabell* v. *Schuknecht,* 308 Mich. 419, we upheld the right to bring suit against a tavern-keeper and also his bonding company for injuries arising out of the illegal sale of liquor to the injured party, thus permitting the joining of an insurance company as party defendant. This was permitted by Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1946 Cum. Supp. § 18.993).

It is not against public policy to enforce in the courts of this State a liability that arose in another State even though it could not have been enforced if it had arisen in this State. In *Eskovitz* v. *Berger,* 276 Mich. 536, involving an Ohio accident, the State of Michigan at the time of the accident and trial not only imputed a driver's negligence to his passenger, but prevented recovery by a guest against his host except in cases of gross negligence. The Ohio law contained no similar provisions, and a guest was permitted to recover in a Michigan court on the ground that the liability arose under the Ohio law.

In *Kaiser* v. *North*, 292 Mich. 49, we said:

"The fact Michigan statutory regulations of the rights of a motor vehicle guest passenger may differ from Ontario statutory provisions, or even the provisions of the common law governing like rights, is not a reason for holding the statute of the foreign jurisdiction contravenes public policy here."

In *Annis* v. *Pilkewitz*, 287 Mich. 68, 77, we again said:

"The substantive provisions of a contract, valid by the law of the State where the contract is made and is to be performed, create a right of property enforceable in another jurisdiction provided it is not contrary to the public policy of the forum."

In *Roethke* v. *Philip Best Brewing Co.*, 33 Mich. 340, we held, as stated in the headnote:

"A contract made in another State for the sale of liquors to be delivered in Michigan, such as would be valid at common law, and which is not shown to be invalid where made, cannot be held void by virtue of the prohibitory liquor law of Michigan."

The general principle of law is stated by Judge Cardozo in *Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 110 (120 N. E. 198):

"A foreign statute is not law in this State, but it gives rise to an obligation, which, if transitory, 'follows the person and may be enforced wherever the person may be found.' * * * 'No law can exist as such except the law of the land; but * * * it is a principle of every civilized law that vested rights shall be protected.' * * * The plaintiff owns something, and we help him to get it. * * *

"A right of action is property. If a foreign statute gives the right, the mere fact that we do not give a like right is no reason for refusing to help the plaintiff in getting what belongs to him."

We find that it is not against public policy to enforce in our courts the right given by the Wisconsin statute to bring suit directly against the insurer. In *Loucks* v. *Standard Oil Company of New York, supra,* the court said:

"We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home."

Also, see *Rick* v. *Saginaw Bay Towing Co.,* 132 Mich. 237 (102 Am. St. Rep. 422, 13 Am. Neg. Rep. 342). The right relates to the right of action, is one of contract, a substantive one, not one of procedure, and, therefore, should be recognized and enforced in our courts. See *Slayton* v. *Boesch,* 315 Mich. 1.

To state that comity rests within the discretion of the forum to enforce substantive provisions of a contract, valid by the law of a sister State where the contract is made and performed, is error. A right of property enforceable in the courts of sister States, provided it is not contrary to the public policy of the forum, is created and existing.

"Refusal of courts in other jurisdictions than the place of contract to enforce such provisions is a violation of the full faith and credit clause of the Federal Constitution (U. S. Const. art. 4, § 1). *Supreme Council of Royal Arcanum* v. *Green,* 237 U. S. 531 (35 Sup. Ct. 724, 59 L. Ed. 1089, L. R. A. 1916 A, 771); *Modern Woodmen of America* v. *Mixer,* 267 U. S. 544 (45 Sup. Ct. 389, 69 L. Ed. 783, 41 A. L. R. 1384).

" 'Where a contract of life insurance is made wholly in and subject to the laws of one State, the law of another State cannot determine the substantive rights created by the contract. * * *

" 'Refusal by the courts of another State to recognize the right thus arising under the statute, was a failure to give full faith and credit to a "public act"

of the State in which the contract was made and the cause of action accrued. U. S. Const. art. 4, § 1.' *John Hancock Mutual Life Ins. Co.,* v. *Yates* (syllabus), 299 U. S. 178 (57 Sup. Ct. 129, 81 L. Ed. 106).

"To the same effect, see *Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389 (45 Sup. Ct. 129, 69 L. Ed. 342); *Boseman* v. *Connecticut General Life Ins. Co.,* 301 U. S. 196 (57 Sup. Ct. 686, 81 L. Ed. 1036, 110 A. L. R. 732). The law set forth in the foregoing citations has been followed in the recent decisions of this court. *State of Ohio, ex rel. Fulton,* v. *James N. Purse,* 273 Mich. 502; *Alropa Corporation* v. *King's Estate,* 279 Mich. 418." *Annis* v. *Pilkewitz, supra,* 77.

The above principles are clearly set forth in *Bond* v. *Hume,* 243 U. S. 15, 22 (37 Sup. Ct. 366, 61 L. Ed. 565), cited in my Brother's opinion, wherein the United States supreme court stated:

"It is certain that these principles which govern as between countries foreign to each other apply with greater force to the relation of the several States to each other, since the obligations of the Constitution which bind them all in a common orbit of national unity impose of necessity restrictions which otherwise would not obtain and exact a greater degree of respect for each other than otherwise by the principles of comity would be expected. It is unnecessary to cite authority for these several doctrines since, as we have said, they are indisputable, but they nowhere find a more lucid exposition than that long ago made by Mr. Chief Justice Taney in *Bank of Augusta* v. *Earle,* 13 Pet. (38 U. S.) 519, 589, 590 (10 L .Ed. 274)."

In *Bond* v. *Hume, supra,* the United States supreme court even held that the United States district court sitting in Texas was required to enforce a "bucket shop" contract legally made in New York, which, if entered into in Texas, would be a *criminal*

act. *The Kensington,* 183 U. S. 263 (22 Sup. Ct. 102, 46 L. Ed. 190), which was cited along with *Bond* v. *Hume, supra,* concerned an attempt to enforce the law of a foreign country, namely, Belgium. As shown, then "comity" enters, and the discretion of the forum is greater. But where substantive rights derived under the law of a sister State are involved, State courts are restricted by the "full faith and credit" clause of the United States Constitution (*Annis* v. *Pilkewitz, supra,* and cases cited), and also by the due process clause of the Fourteenth Amendment which protects the rights of plaintiff.

"Conceding that ordinarily a State may prohibit performance within its borders even of a contract validly made elsewhere, if the performance would violate its laws (*Home Insurance Co.* v. *Dick,* 281 U. S. 397, 408 [50 Sup. Ct. 338, 74 L. Ed. 926, 74 A. L. R. 701]), it may not, on grounds of policy, ignore a right which has lawfully vested elsewhere, if, as here, the interest of the forum has but slight connection with the substance of the contract obligations. Here performance at most involved only the casual payment of money in Mississippi. In such a case the question ought to be regarded as a domestic one to be settled by the law of the State where the contract was made. A legislative policy which attempts to draw to the State of the forum control over the obligations of contracts elsewhere validly consummated and to convert them for all purposes into contracts of forum regardless of the relative importance of the interests of the forum as contrasted with those created at the place of the contract, conflicts with the guaranties of the Fourteenth Amendment. *Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389 (45 Sup. Ct. 129, 69 L. Ed. 342); *Home Insurance Co.* v. *Dick, supra.* Cases may occur in which enforcement of a contract as made outside a State may be so repugnant to its vital interests as to justify enforcement in a different manner. Com-

pare *Bond* v. *Hume,* 243 U. S. 15, 22 (37 Sup. Ct. 366, 61 L. Ed. 565). But clearly this is not such a case.

"Our conclusion renders unnecessary a considera- tion of the claims made under the full faith and credit and contract clauses of the Federal Constitution." *Hartford Accident & Indemnity Co.* v. *Delta & Pine Land Co.,* 292 U. S. 143 (54 Sup. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928), decided April 9, 1934.

It is true that *Loughran* v. *Loughran,* 292 U. S. 216 (54 Sup. Ct. 684, 78 L. Ed. 1219), decided April 30, 1934, at page 227, sets forth the paragraph cited by my Brother, Justice NORTH, but the United States supreme court recognizes that this is a mere general statement with many exceptions, and in *Loughran* v. *Loughran, supra,* refuses to apply the rule stated, and specifically directs the lower court to recognize a monetary claim which the lower court did not wish to recognize, and this latter opinion is in accordance with the supreme court's decision delivered 21 days earlier, *Hartford Accident & Indemnity Co.* v. *Delta & Pine Land Co., supra.* In *Loughran* v. *Loughran, supra,* the court recognizes the principle stated and cited by Justice NORTH in *Bothwell* v. *Buckbee, Mears Co.,* 275 U. S. 274 (48 Sup. Ct. 124, 72 L. Ed. 277), but still ruled contrary to the general statement. Further, the inapplicability of the *Bothwell Case* to the instant case may be seen by quoting headnote 4 (L. Ed.) of that case:

"A contract of insurance executed in one State in accordance with an application illegally secured in another State is tainted with illegality, so that the courts of the State where the application was secured may refuse to enforce it."

No illegality is involved in the case at bar.

We are in accord with *Kertson* v. *Johnson,* 185

Minn. 591 (242 N. W. 329, 85 A. L. R. 1), where under very similar conditions as in the instant case the court held that the suit could be maintained in a Minnesota court against an insurance company on a liability insurance policy issued in Wisconsin and arising out of an accident that occurred in Wisconsin. It also held that this was a substantive right, transitory in its nature, and that it did not violate public policy to bring the suit in Minnesota. Also, see *Biller* v. *Meyer* (C. C. A.), 33 Fed. (2d) 440 (66 A. L. R. 436). To like effect, see *Aetna Casualty & Surety Co.* v. *Gentry,* 191 Okla. 659 (132 Pac. [2d] 326, 145 A. L. R. 623); *Lundblad* v. *New Amsterdam Casualty Co.,* 265 Mass. 158 (163 N. E. 874); *Myers* v. *Ocean Accident & Guarantee Corp.,* 99 Fed. (2d) 485. The case of *McArthur* v. *Maryland Casualty Co.,* 184 Miss. 663 (186 South. 305, 120 A. L. R. 846), in holding to the contrary overrules the Mississippi court's prior decision in *Burkett* v. *Globe Indemnity Co.,* 182 Miss. 423 (181 South. 316). The latter case, based on a Louisiana statute, permitted a direct action against the insurance company. The Mississippi court cited with approval *Kertson* v. *Johnson,* 185 Minn. 591 (242 N. W. 329, 85 A. L. R. 1), and held:

''An action for damages to a person is transitory in its nature. Act No. 55, Louisiana Laws of 1930, is the controlling law of Louisiana invoked here and confers more than a procedural right; it creates a right of action against the insurer in favor of third parties not a party to the contract, for whose ultimate benefit the contract of insurance may be said to have been procured by the insured. When a statute of another State confers a right of action that is substantive this court will enforce it where it has the machinery with which to do so. In *Travelers' Ins. Co.* v. *Inman, supra* [157 Miss. 810 (126 South. 399, 128 South. 877)], we permitted a third person to maintain the action on a similar statute to the one

here under consideration, conferring upon a third party the right of direct action against the insurer for the liability of the insured. Likewise, we so held in *Floyd* v. *Vicksburg Cooperage Co., supra* [156 Miss. 567 (126 South. 395)]."

This opinion was subsequently overruled by a divided court in *McArthur* v. *Maryland Casualty Co., supra.* The majority, ignoring the well established conflict of laws theory of "qualifications," stated that despite its view set forth in *Burkett* v. *Globe Indemnity Co., supra,* that the Louisiana statute was substantive in character, it would accept the Louisiana interpretation that the statute was merely remedial, and therefore would deny plaintiff relief. The dissenting opinion states:

"When a statute of another State confers a right of action for the recovery of a sum of money, here damages, that right, in a transitory action, will be enforced by the courts of another State. Restatement, Conflict of Laws, § 607, comment a.

"Where the question simply is who are proper and necessary parties to an action, the law of the forum governs, but when a right of action is expressly conferred against a designated party no such question arises.

"In this day when the tendency is toward uniformity in the administration of justice among the States of our Federal union, it is unfortunate that it should be held that the rights and obligations that inhere in this insurance policy vary because of the forum in which an action is brought for their enforcement. Restatement, Conflict of Laws, § 699. The effect of what is here being held is to deny to a citizen of this State access to its courts for the enforcement of a right accruing to him under the laws of another State against a corporation doing business in this State. Whether this violates the full faith and credit clause of the Federal Constitution, U. S. Const., art. 4, § 1, I will not pause to inquire."

For a severe criticism of the majority opinion in the *McArthur Case,* see Hancock on ''Torts in the Conflict of Laws'' (Michigan Legal Studies) at page 243, where the author states:

''By a process of mechanical reasoning, the Mississippi court reached a speedy solution of the case before it which cannot be commended.''

The policy issued to the tortfeasor contains a clause, herein called the ''no action'' clause, which provides that no action shall lie against the company, unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. It further provided that nothing contained in the policy shall give any person or organization any right to join the insurer as a codefendant in any action against the insurer to determine the insured's liability. Defendant pleads this ''no action'' clause as one of its defenses. By sections 85.93 and 260.11 of the Wisconsin statutes, the ''no action'' clause has been made ineffective, *Lang* v. *Baumann,* 213 Wis. 258 (251 N. W. 461), and is nullified. *Sheehan* v. *Lewis,* 218 Wis. 588 (260 N.W. 633). The ineffectiveness of the ''no action'' clause was passed upon in *Oertel* v. *Fidelity & Casualty Company of New York,* 214 Wis. 68 (251 N. W. 465), in which plaintiff, a New York resident, was permitted to maintain a suit solely against the insurance company for damages arising out of an accident occurring in Indiana involving an insured, a Pennsylvania resident, who formerly had been a resident of Wisconsin, where he had taken out the policy containing a ''no action'' clause. Under our decisions ''Insurance contracts are subject to statu-

tory regulation. They should be construed in the light of statutory requirements, and mandatory statutory provisions should be read into such insurance contracts." *Galkin* v. *Lincoln Mutual Casualty Co.*, 279 Mich. 327.

The trial court also based its order of dismissal on section 261.01 of the laws of Wisconsin, which states the place of trial. It reads as follows:

"(11)   Auto Accident Actions. Of an action growing out of the negligent operation of a motor vehicle, the county in which the cause of action arose or where the defendant resides."

The court stated that the plaintiff would have no right to plead his action in a court of his choice in Wisconsin. The statute, however, defines venue as strictly procedural and it does not apply to a transitory action brought in Michigan in a county in which plaintiff is a resident. Defendant was duly served. That this procedural statute is no bar to a suit in Michigan, or any other State of the Union, has been clearly stated in *Tennessee Coal, I. & Railroad Co.* v. *George,* 233 U. S. 354 (34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916 D, 685), to which reference is made. Its headnote (L. Ed.) clearly sets forth the legal principle applicable.

"The enforcement by the Georgia courts of the cause of action given by Alabama Code, § 3910, to a servant against the master, for injuries occasioned by defective machinery, does not deny full faith and credit to the provision of section 6115 of that Code, that 'all actions under section 3910 must be brought in a court of competent jurisdiction within the State of Alabama, and not elsewhere.' "

The court says:

"The courts of the sister State, trying the case, would be bound to give full faith and credit to all

those substantial provisions of the statute which inhered in the cause of action, or which name conditions on which the right to sue depend. But venue is no part of the right; and a State cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another State, even though it created the right of action.''

Some other questions raised in the briefs were not raised in the court below and need not be discussed at the present time.

Order of dismissal should be reversed, with costs to plaintiff, and the cause remanded for trial to the trial court.

REID, J., concurred with BUTZEL, C. J. STARR, J., took no part in the decision of this case.