GRANITE STATE INSURANCE COMPANY v CARNES

1. Parties—Insurance—Fire Insurance—Impleader—Third-Party Practice—Fire Damages—Statutes.

The chapter of the insurance code pertaining to fire insurance contracts does not bar impleader; therefore, an insurance company can be impleaded as a third-party defendant in an action against the company's insured for damages resulting from a fire (MCLA 500.2804 *et seq.;* MSA 24.12804 *et seq.).*

2. Parties—Impleader—Insurance Companies—Court's Discretion —Prejudice.

Permitting impleader is largely discretionary with the court, and may be refused in a case where a party demonstrates a possibility of substantial prejudice through the revelation to a jury of the existence of an insurance contract; this danger, however, is minimal in a contest between insurance companies.

Appeal from Oakland, Robert L. Templin, J. Submitted April 12, 1977, at Detroit. (Docket No. 27462.) Decided May 3, 1977. Leave to appeal applied for.

Complaint by Granite State Insurance Company and Reliance Insurance Company, as subrogees of John and Irene Salveta and Angelo and Sue Buccilli, against Edgar Carnes to recover damages resulting from a fire. Defendant Carnes filed a motion to add All State Insurance Company, his insurance carrier, as a third-party defendant. Motion granted. All State Insurance Company appeals from that order by leave granted. Affirmed.

*Connolly & Kramer,* for Edgar Carnes.

Reference for Points in Headnotes

[1, 2] 59 Am Jur 2d, Parties § 204.

*Ross and Soloy* (by *Richard W. Kochansky*), for All State Insurance Company.

Before: R. B. BURNS, P. J., and T. M. BURNS and D. C. RILEY, JJ.

R. B. BURNS, P. J. Plaintiff Granite State Insurance Company, as subrogee of the owners and lessors of commercial property, brought an action against defendant Carnes for damages resulting from a fire. Defendant moved pursuant to GCR 1963, 204.1(1) to add All State Insurance Company as a third-party defendant on the ground that a policy of insurance between Carnes and All State obligated the latter to defend against the underlying cause of action. All State has brought an interlocutory appeal to this Court asking us to assert that MCLA 500.3030; MSA 24.13030 bars impleading the insurance company as a third-party defendant in this action.

We cannot accept this contention. MCLA 500.3030; MSA 24.13030 is contained in Chapter 30 of the insurance code, entitled "Casualty Insurance Contracts". Casualty insurance is defined in MCLA 500.624; MSA 24.1624 and does not include fire insurance. Fire insurance is included in the definition of property insurance, MCLA 500.610; MSA 24.1610. No similar bar to impleader is contained in the chapter of the code pertaining to fire insurance contracts, Chapter 28, MCLA 500.2804 *et seq.;* MSA 24.12804 *et seq.* We must conclude that the Legislature consciously varied these provisions in order to limit the scope of the bar against impleader to those contracts of casualty insurance embraced by Chapter 30 of the code.

It should be noted that impleader under the court rule is largely discretionary with the court. *Moyses v Spartan Asphalt Paving Co,* 383 Mich

314, 323; 174 NW2d 797, 802 (1970). Impleader may be properly refused in a case where a party demonstrates a possibility of substantial prejudice through the revelation to a jury of the existence of an insurance contract. Such is not the case in this contest between insurance companies.

Affirmed.