**Dennis C. ITRICH, Plaintiff,**

v.

**HURON CEMENT DIVISION OF NATIONAL GYPSUM COMPANY, et al., Defendants.**

**Civ. A. No. 86–30069 PH.**

United States District Court,
E.D. Michigan, S.D.

Feb. 25, 1987.

D. Michael O'Bryan, O'Bryan Law Center, Birmingham, Mich., for plaintiff.

Gene B. George, Wm. D. Carle, III, Ray, Robinson, Hanninen & Carle, Cleveland, Ohio, Marlin F. Scholl, Scholl & Stieg, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff brought this action seeking recovery for injuries suffered as a result of his exposure to auditory concussive trauma created by the blowing of "unseaworthy tubes" while working as a crewman aboard the S/S J.B. Ford. Defendant Huron Cement Division, National Gypsum Company (National) is the owner of the S/S J.B. Ford

and is insured by defendant American Steamship Owners Mutual Protection Indemnity Associates, Inc. (American Steamship). Plaintiff alleges in his complaint that he is a third-party beneficiary under the policy issued to National and that the Michigan Third-Party Beneficiary Statute, Mich.Comp.Laws Ann. § 600.1405 (West 1981) empowers plaintiff to join American Steamship as a defendant.[1] The matter is now before the Court on American Steamship's motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) requesting that it be dismissed from the suit and that all references to insurance be struck from plaintiff's complaint.

Attached to defendant's motion is the affidavit of an employee of American Steamship stating that the policy at issue is one of indemnification for the insured's loss, and not for liability. Accordingly, defendant's motion shall be treated as one for summary judgment. F.R.Civ.P. 12(b); *Mozert v. Hawkins City Public Schools*, 765 F.2d 75, 78 (6th Cir.1985).

## I.

American Steamship claims that it is entitled to be dismissed from this action because the Third-Party Beneficiary Statute does not vest any rights in an injured claimant against an insurer where the policy is one of indemnity as opposed to one of liability. The policy at issue provides indemnity coverage against those claims covered under the policy which National becomes liable for and actually pays. Capitalized and printed in bold face type, the following paragraph is contained in the first page of the policy:

The association agrees to indemnify the assured against any loss, damage or expense which the assured shall become liable to pay and shall pay by reason of the fact that the assured is the owner (or

---

1. The Michigan Third-Party Beneficiary Statute provides:

Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

(1) Contracts Included. A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

Mich.Comp.Laws Ann. § 600.1405 (West 1981).

operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel and which shall result from the following liabilities, risks, events, occurrences and expenditures....

The policy proceeds to list and describe fifteen types of losses, damages or expenses which are covered under the policy. Important to this dispute is paragraph (1) which provides coverage against "[l]iability for ... personal injury to, or illness of any person."[2] Because the policy is to indemnify the insured, argues defendant, "There is no promise to plaintiff or for his benefit, only a promise to reimburse the shipowner after it has paid a proper claim."

American steamship also claims that a direct action against an insurer is prohibited by Mich.Comp.Laws Ann. § 500.3030 (West 1983) when the insurance is casualty insurance. Section 3030 is contained in Chapter 30 of the Michigan Insurance Code which pertains to casualty insurance. Section 3030 provides that "the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial." American Steamship maintains that the policy of indemnity in this case applies to any liability of National to plaintiff for bodily injury and is, therefore, "casualty insurance" as defined in Section 624 of the Insurance Code. Section 624(1)(b) defines casualty insurance to include, in part, "[i]nsurance of any person, partnership, or corporation against loss or damage on account of the bodily injury or death by acci-

dent of any person ... for which loss or damage said person, partnership or corporation is responsible ..."

Plaintiff contends that all insurance policies in Michigan are contracts of indemnity against contingent law suits and are deemed to be property recoverable by a third-party beneficiary. Plaintiff also argues that joinder of American Steamship is not prohibited by Section 3030 since that section only applies to casualty insurance and the policy issued to plaintiff, as a form of marine insurance, falls within the definition of property insurance as defined in Section 610 of the Insurance Code.[3]

## II.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Willets v. Ford Motor Co.*, 583 F.2d 852, 855 (6th Cir.1978); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 345 (6th Cir.1984); F.R.Civ.Pro. 56. In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as, all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold*, 368 U.S. 894, 82 S.Ct. 171, 7 L.Ed.2d 91 (1961); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979).

The party moving for summary judgment "bears the burden of clearly estab-

---

**2.** Paragraph (1) in its entirety states:

(1) Liability for life salvage, loss of life of, or personal injury to, or illness of any person, not including however, unless otherwise agreed by endorsement hereon, liability to an employee (other than as hereafter excepted) of the assured, or in case of his death to his beneficiaries, under any compensation act. Liability hereunder with respect to a member of the crew shall include liability arising ashore or afloat. Liability hereunder shall also include burial expenses not exceeding $500, where reasonably incurred by the assured for the burial of any seaman.

American Steamship does not question the coverage of plaintiff's claim in light of the lan-

guage of the first sentence of paragraph (1) excluding injuries to employees unless otherwise excepted.

**3.** Section 610 provides, in part, that property insurance "shall be deemed to include also marine insurance as defined in Section 614...." Section 614 defines marine insurance as insurance against loss or damage to:

(2) [P]erson or to property in connection with or pertaining to a marine, inland marine, transit, or transportation insurance, including liability for loss of or damage to either, arising out of or in connection with the construction, repair, operation, maintenance, or use of the subject matter of such insurance....

lishing the non-existence of any genuine issue of fact material to a judgment in his favor." *United States v. Articles of Device, Etc.,* 527 F.2d 1008, 1011 (6th Cir. 1975). If the moving party satisfies that burden, the opposing party must come forward with "specific facts showing there is a genuine issue for trial." *First National Bank of Arizona v. Cities Services Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1967), *reh. denied,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d at 345. Plaintiffs are not entitled "to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial...." *First National Bank of Arizona v. Cities Services Co.,* 391 U.S. at 289–90, 88 S.Ct. at 1593.

### III.

American Steamship's motion must be granted if, as it claims, the policy in question is by definition "casualty insurance." For if the policy is a type of casualty insurance, not only does Section 3030 preclude a direct action against American Steamship, but in accordance with the Michigan Supreme Court's decision in *Lieberthal v. Glen Falls Indemnity Co.,* 316 Mich. 37, 24 N.W.2d 547 (1946), the Third-Party Beneficiary Statute does not alter the effect of Section 3030.

In *Lieberthal* the court affirmed the dismissal of an action by a Michigan resident, naming as the sole defendant the liability insurer of the other driver involved in an automobile accident which had occurred in Wisconsin. The court refused to apply the Wisconsin direct action statute since it violated Michigan public policy. Basing its decision upon then Section 12460 of the Insurance Code, a predecessor of Section 3030, the court stated: "The public policy sought to be sustained in this State by the statute and judicial decisions is that a plaintiff shall not be permitted to inject into his suit the element of insurance and thereby obtain an excessive and unjust verdict."

*Lieberthal,* 316 Mich. at 41–42, 24 N.W.2d at 549.

The importance of *Lieberthal* to the present case goes beyond its discussion of the policy supporting Section 3030; the major import of *Lieberthal* to this case lies in the Court's conclusion regarding the relationship between Section 3030 and the Third-Party Beneficiary Statute. Although the court did not review in detail the contention that the Third-Party Beneficiary Statute provided a basis for maintaining the suit, the court explicitly stated that the statute did not repeal Section 12460 or the policy behind it.

### A.

■ In determining whether the policy at issue is casualty insurance as defined in Section 624(1)(b), it is important to note that the question is not whether the policy is marine or casualty insurance. The insurance at issue clearly is marine insurance. The question, therefore, is whether in addition to being considered marine insurance the policy can also be construed as casualty insurance, at least for purposes of Section 3030, because it covers liability for bodily injury as defined in Section 624(1)(b). Whether marine insurance, to the extent that it provides coverage for liability for personal injury, should, for purposes of Section 3030, also be construed as a form of casualty insurance has not been decided by the Supreme Court of Michigan. Where the State's highest court has not spoken, "the federal court must ascertain from all available data what the state law is and apply it." *Bailey v. V & O Press Co.,* 770 F.2d 601, 604 (6th Cir.1985). A decision by an intermediate appellant state court is datum "which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Commission v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967) (quoting *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)). Although the decrees of lower

state courts should be attributed some weight, they are not controlling where the highest court of the state has not spoken on the point. *Commission,* 387 U.S. at 465, 87 S.Ct. at 1782. *See Bailey,* 770 F.2d at 604.

■ Applying these guidelines to the present case, the Court believes that the Michigan Supreme Court would find that the insurance policy issued to National, although technically marine insurance and, thus, by definition property insurance, should, for purposes of Section 3030, be construed as casualty insurance since it provides coverage for liability resulting from personal injury. That marine insurance is classified as property insurance under Section 610 does not mean that a marine insurance policy, to the extent that it contains coverage for personal injury, may not also fall within the definition of casualty insurance under Section 624. Automobile insurance, for example, is also included in Section 624, although regulated extensively throughout other sections of the insurance code. Section 3030 thus precludes a direct action against the insurer when the No-Fault Insurance Act, Mich.Comp.Laws Ann. § 500.3101 *et seq.* (West 1985), is inapplicable.[4] *See, e.g., Stevens v. Hogue* 85 Mich.App. 185, 270 N.W.2d 735 (1978). Similarly, marine insurance which includes liability coverage, although subject to regulation as property insurance, also falls into the definition of casualty insurance; a direct action against the insurer is, therefore, precluded under Section 3030.

That coverage for personal injuries resulting from vessel-related accidents is interpreted as falling within the same provision defining automobile liability insurance makes sense in light of the policy articulated by the Supreme Court in *Lieberthal.* There is no difference between personal injury resulting from an accident involving a vessel and the injury suffered from an automobile accident. Injection of the element of insurance into a suit may permit a plaintiff to recover an excessive and unjust verdict regardless of the cause of the personal injury. That the legislature decided to define marine insurance as a type of property insurance and did not include a provision similar to Section 3030 in the chapter on property insurance does not indicate that the legislature meant to abandon the longstanding policy against the joinder of an insurer in a personal injury suit.

The holding in *Granite State Insurance Co. v. Carnes,* 75 Mich.App. 388, 255 N.W.2d 16 (1977), does not conflict with this result. In *Granite,* the Court of Appeals permitted the defendant's fire insurance company to be impleaded as a third-party defendant in an action brought by plaintiff's subrogated insurers for damages resulting from a fire to commercial property. Unlike the situation here, the policy at issue in *Granite* did not involve a dispute over coverage for a claim for personal injury as defined in Section 624. As the court in *Granite* held, addition of a third-party defendant would not result in substantial prejudice through the revelation to a jury of the existence of an insurance contract. *Granite,* 75 Mich.App. at 390, 255 N.W.2d at 17.

Plaintiff also relies on a case from the Wayne County Circuit Court, *Mallard v. Insurance Co. of North Am.,* No. 81–121562–CR, *leave to appeal denied,* No. 65741 (1982). There, plaintiff, one Mallard, a citizen of Michigan, was injured on a tug in the territorial waters of Louisiana. Mallard brought a direct action under the Louisiana Direct Action Statute, La.Rev.Stat. § 22:665, against the tug's owners' insurance companies. Defendants moved for accelerated judgment on the ground that the

---

4. Although the No-Fault Insurance Act, Mich. Comp.Laws Ann. § 500.3101 *et seq.* (West 1983) permits an injured claimant to seek recovery directly from the insurer, "[e]xcept for those accidents in which the no-fault act is applicable, a negligent insured remains liable to an injured person for damages." *Awdish, Inc. v. Williams,* 117 Mich.App. 270, 323 N.W.2d 666 (1982). Thus, when the no-fault act is inapplicable, Section 3030 still precludes a direct action against the insurer.

Louisiana Direct Action Statute was against Michigan public policy as codified in Section 3030 of the Michigan Insurance Code. After determining that marine insurance is property insurance and not, therefore, included within the definition of casualty insurance under Section 624, Judge Brennan rejected this argument, reasoning that, "The legislature limited the application of the prohibition of direct actions against insurance companies to casualty policies, not to other insurance policies. If the legislature intended to prohibit direct actions against the insured under other kinds of insurance, it would have expressed that intent in the Michigan Insurance Code." *Mallard*, No. 81–121562, slip op. at 4.

Judge Brennan's conclusion is faulty because it relies on the incorrect assumption that since marine insurance is property insurance, it cannot also be included in the definition of casualty insurance, even when the policy includes coverage for personal injury. Moreover, Judge Brennan supports his conclusion by relying on the rationale in *Granite*. *Granite*, as already shown, does not support the conclusions reached in *Mallard*.

Because the policy in question falls within the definition of Section 624, not only does Section 3030 preclude plaintiff from joining American Steamship as a defendant but *Lieberthal* also prevents plaintiff from relying on the Third-Party Beneficiary Statute.

## B.

■ Notwithstanding *Lieberthal's*, proscription against joining an insurer as a defendant when the policy at issue is characterized, in part, as casualty insurance, plaintiff is also precluded from joining defendant under the third-party beneficiary theory because the policy issued to National is one in indemnity. The Third-Party Beneficiary Statute applies only to a "person for whose benefit a promise is made by way of contract." Paragraph (1) of Section 600.1405 provides that a contract is made for the benefit of a person "whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person." "Not everyone who benefits in some way from a contract can be classified as a third-party beneficiary so as to be able to stand in the promissee's shoes and recover under the contract." *Rieth-Riley Construction Co. v. Dept. of Transportation*, 136 Mich.App. 425, 430, 357 N.W.2d 62, 65 (1984) (citing *Greenless v. Owen Ames Kimball Co.*, 340 Mich. 670, 66 N.W.2d 227 (1954)).

The contract between National and American Steamship requires American Steamship to pay National only for damages National is liable for and actually pays. No promise was made by American Steamship directly to plaintiff. The benefit to plaintiff is only incidental.

Plaintiff relies on *Roseville v. Local No. 1614, Int'l Ass'n of Firefighters*, 53 Mich. App. 547, 220 N.W.2d 147 (1974) for the proposition that all insurance policies are contracts of indemnity. Plaintiff specifically relies on the following passage: "Insurance contracts to indemnify against contingent losses. (citations omitted). An insurance policy is property and, as evidence of a debt or damages recoverable thereupon, is a chose of action." *Roseville*, 53 Mich. App. at 557, 220 N.W.2d at 152. *Roseville*, however, has no relationship to the Third-Party Beneficiary Statute and did not even involve a personal injury. At issue in *Roseville* was whether selection of a health insurance carrier in a labor dispute between a city and its firefighters was a mandatory subject of bargaining.

Plaintiff also relies on the following excerpt from *Lisiewski v. Countrywide Insurance Co.*, 75 Mich.App. 631, 255 N.W.2d 714 (1977): "[P]laintiff may well be a third-party beneficiary of the insurance company's undertaking to indemnify a liability of their insured...." *Lisiewski*, 75 Mich. App. at 635, 255 N.W.2d at 717. In *Lisiewski* the plaintiff brought a direct action against the insurer for the unsatisfied portion of a $45,000 verdict awarded her by a

jury in a previous action. Plaintiff claimed the insurance company wrongfully failed to settle the case for an amount within the policy limits and that the insurance company was liable to the insured for the excess amount of the judgment over and above the policy limits. The court rejected the third-party beneficiary theory as justification for the direct action against the insurer finding that the insurance company's duty to defend its insured did not extend to a claimant.

The holding in *Lisiewski* is inapplicable to this case not only because the language relied upon by plaintiff is dicta, but more importantly because of the language of the policy at issue. In *Lisiewski*, the policy explicitly permitted a judgment debtor to recover directly against the insurer. There is no such provision in the policy at issue in this case.

*Shockley v. Sallows*, 615 F.2d 233 (5th Cir.1980) and *Olympic Towing Corp. v. Nebel Towing Co.*, 419 F.2d 230 (5th Cir. 1969) are no aid in interpreting the Third-Party Beneficiary Statute since they involve interpretation of the Louisiana Direct Action Statute which specifically permits a claimant to bring a direct action against the insurer. The Third-Party Beneficiary Statute is not a comparable statute.

Plaintiff also asks the Court to adopt the reasoning of *Shingleton v. Bussey*, 223 So.2d 713 (1969), in which the Florida Supreme Court held that the plaintiff, as a third-party beneficiary of an automobile liability policy, had a direct cause of action against the insurer and could join the insurer as a party defendant along with the insured. The court reasoned that it was a fair and reasonable inference that the insured contemplated possible injury to unidentified third parties when they entered into the contract and that the insurance was, therefore, for the benefit of injured third parties.

*Shingleton* represents the minority position in direct action cases, *see Rutter v. King*, 57 Mich.App. 152, 158 and 158 n. 6, 226 N.W.2d 79, 83 and 83 n. 6 (1974), a position which no Michigan court has yet adopted. Indeed, the courts, in applying the Third-Party Beneficiary Statute in other areas have applied the statute narrowly. *See, e.g. Rieth-Riley v. Dept. of Transportation*, 136 Mich.App. 425, 357 N.W.2d 62 (1984). Consequently, the Court declines to rewrite the statute.

The remaining cases cited by plaintiff are inapplicable in determining whether the Third-Party Beneficiary Statute permits a direct action against an insurer.[5]

## IV.

Accordingly, defendant American Steamship's motion is GRANTED. Defendant American Steamship is DISMISSED from this action and plaintiff is ORDERED to strike all references to insurance from his complaint. Plaintiff is ORDERED to file an amended complaint within ten days as calculated under F.R.Civ.P. 6.

IT IS SO ORDERED.

---

5. Three of the remaining four cases cited by plaintiff, *Tyson v. Conn. Gen'l Life Insurance Co.*, 495 F.Supp. 240 (E.D.Mich.1980); *Attorney Gen'l v. Mich. Guaranty Ass'n*, 80 Mich.App. 653, 263 N.W.2d 918 (1978) and *Dunn v. Federation of Musicians*, 268 Mich. 698, 265 N.W. 581 (1934) each pertain to a different type of insurance and, thus, are irrelevant. *McMurray v. Prudential Property & Casualty Insurance Co.*, 458 F.Supp. 209 (E.D.Mich.1978) dealt with whether the No-Fault Insurance Act permits a direct action against an insurer as defined in 28 U.S.C. § 1332(c), thus divesting a federal court of diversity jurisdiction. The action in *McMurray* arose under the No-Fault Insurance Act and not the Third-Party Beneficiary Statute and is, therefore, irrelevant.